FARZANA SHEIKH, M.D., In Pro Per
P.O. Box 869
French Camp, CA 95231
Telephone:   (209) 982 9039
Facsimile:   (209) 468 6392

Prepared by;
REHAN SHEIKH,
rehansheikh@yahoo.com



FILED
FEB 17 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
   DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISION)

| | |
|---|---|
| FARZANA SHEIKH, M.D.<br>Plaintiff,<br>v.<br><br>MEDICAL BOARD OF CALIFORNIA<br>Defendant<br><br>and<br><br>THE STATE OF CALIFORNIA<br>Defendant | CASE: 2:10-CV-00213 – FCD - GGH<br><br>AMENDED PETITION FOR WRIT OF ADMINISTRATIVE REVIEW;<br><br>ON DENIAL OF APPLICATION FOR PHYSICIAN'S LICENSE BY MEDICAL BOARD OF CALIFORNIA<br>CCP § 1094.5<br><br>DECLARATORY RELIEF;<br>CALIFORNIA BUSINESS AND PROFESSIONAL CODE § 2335 VIOLATES PHYSICIAN'S CONSTITUTIONAL RIGHT TO DUE PROCESS<br>42 U.S.C.A § 183 |

Plaintiff Farzana Sheikh[1], M.D. hereby respectfully comes before the Court and seeks Writ of this Court for setting aside an order of denial of her application for physician's license by the Medical Board of California. Further Dr. Sheikh seeks approval of her application for Physician's and Surgeon's License. Dr. Sheikh will present Memorandum of Points and Authorities before this Court for seeking such relief on the basis of, including but not limited to, the findings are not supported by facts and the Board has abused its

---

[1] Petitioner Farzana Sheikh, M.D. is hereby referred as Dr. Sheikh.

discretion. Dr. Sheikh will seek reversal of the order of Denial on factual, procedural, statutory and finally on Constitutional basis. The final decision did not find Dr. Sheikh guilty of any of Medical Board's accusation yet the State has denied the license. The denial of application by the Board is arbitrary and capricious.

The Medical Board of California brings accusations against physicians without testifying the credibility of its accusations. Then the Medical Board makes a final determination on its own accusations. During each step, there is ex-parte communications by the Medical Board with the decision makers. The Members of the Medical Board make a final decision in a secret ballot <u>without</u> reviewing any records in a manner similar to '<u>Democratic Ignorance</u>'. The Board Members only review limited information such as physician's Name, Gender and Proposed 'Disciplinary Punishment' before making a decision.

The plaintiff seeks a declaratory relief that the disciplinary process including California Business and Professional Code Section 2335 (decision via poll without reviewing records) is in violation of physician's Constitutional Right to Due Process. Review by the Board Members is the only time when accusations of the Medical Board can be directly reviewed and Judged by physicians who are appropriate experts on matters relevant to quality of patients care.

Dr. Sheikh contends that the statute constitutes Unconstitutional delegation and that the State has not adopted to any intelligible principal to protect physicians vested Property Right. Due Care must be exercised, in order to protect physician's vested property rights, not only before bringing accusations, but also when a final decision is delivered during the disciplinary process. Due diligence is not a discretionary duty rather it is a ministerial function and it is a mandatory obligation.

Dr. Sheikh will present Memorandum of Points of Authorities to seek writ of this Court for setting aside the denial of her application for license by the Medical Board and will seek an order for approval of her application for license. Dr. Sheikh is <u>not</u> stating any claims against Defendant(s) in this Writ of Administrative Review.

## I. PARTIES

1) Dr. Sheikh is a resident of County of San Joaquin and she is a citizen of the United States.

2) Defendant Medical Board of California and the State of California are based in Sacramento.

## II. JURISDICTION

1) This Court has jurisdiction pursuant to 42 U.S.C.A § 183 to hear plaintiff's arguments to determine whether California Business and Professional Code §2335 is in violation of Physician(s) Constitutional Right to Due Process.

2) This Court has Jurisdiction on this petition pursuant to 42 U.S.C.A § 2000.

3) This Court has supplemental Jurisdiction on Dr. Sheikh's Petition for Writ of Review.

4) Plaintiff has presented a special defense pursuant to Title VII 42 U.S.C.A § 181 in the Administrative Proceedings for seeking her application for license and this Court has jurisdiction.

5) This Court has Civil Rights jurisdiction pursuant to 28 U.S.C. § 1343.

## III. INTRODUCTION

Dr. Sheikh applied for and received a training license (PTAL) with the State of California in the Year 2002. Dr. Sheikh started her residency training in or around June 2005 with a Family Medicine Residency Program. Dr. Sheikh initially applied for license with the Medical Board of California in or around September 2007. Since then the Board has reviewed her application for license several times and it has been denying Dr. Sheikh's license to practice. Dr. Sheikh has successfully completed her residency training and she has received a Certificate of Residency Completion from University of California Davis. Dr. Sheikh is a distinguished physician for her medical knowledge and for her compassion towards welfare of her patients. Yet State denies her application for license.

The State accused plaintiff for incompetency, Dishonesty and lack of interpersonal skills. The State had an administrative hearing on denial of her application for license. The State failed to prove its accusations against Dr. Sheikh; nonetheless, the State denied her application for license. Dr. Sheikh seeks Writ of this Court to reverse denial of application for license and an order for immediate approval of her application for license.

## IV. FACTUAL BACKGROUND

### A. DR. SHEIKH'S MEDICAL EDUCATION AND RESIDENCY TRAINING

6) During year 2000, Dr. Sheikh relocated to San Francisco Bay area in California from Texas.

7) Dr. Sheikh had completed her Medical Education from Karachi Pakistan with high marks.

8) During Year 2002 Dr. Sheikh applied for PTAL and received approval of PTAL/training license.

9) Dr. Sheikh joined a Family Medicine Residency Program in Austin Texas in June 2005 to start first year of her residency training.

10) Dr. Sheikh transferred to a Family Medicine Residency Program in Stockton California in or around June 2006.

11) Dr. Sheikh completed her second and third year Family Medicine Residency Training in Stockton California.

12) That Residency Program is affiliated with University of California Davis. Dr. Sheikh received a certificate of successful Residency Completion by University of California in mid 2008.

### B. DR. SHEIKH'S APPLICATION FOR PHYSICIAN'S LICENSE

13) During September 2007, Dr. Sheikh applied for a Physician's license with the Medical Board of California.

14) The Medical Board completed review of Dr. Sheikh's application for license during or around November 2007.

15) The Medical Board stated that Program Director Dr. A of Austin Texas gave Dr. Sheikh credit for 7 month residency training in lieu of 12 month residency training with that residency program.

16) The Medical Board stated that Dr. Sheikh did not have credit for 24 month residency training.

17) By November 2007, Dr. Sheikh had completed 29 month residency training.

   i. In order to be eligible for physician's license, a credit for 24 month residency training is required for Medical students who have complete their medical education at a recognized Medical School <u>outside</u> the United States of America.

        ii. In order to be eligible for physician's license, a credit for 12 month residency training is required for Medical students who complete their medical education at a recognized Medical School in the United States of America.

18) The Medical Board stated that Dr. Sheikh will qualify for license in July 2008.

19) Dr. Sheikh again applied for physician's license with the Medical Board in or around July 2008.

20) In August 2008, the Medical Board advised the Residency Program to revoke Dr. Sheikh's clinical privileges in a letter that was dated August 8, 2008.

21) On the instructions of the Medical Board, Dr. Sheikh was removed from Residency Training on or around August 13, 2008.

22) At that time, Dr. Sheikh was approximately eight days short of completion of her three year residency training. Later the Residency Program allowed Dr. Sheikh to complete remaining days of her training without clinical assignments.

23) In September 2008, the Board proposed a Stipulation for a disciplinary license to Dr. Sheikh. The Board alleged Dr. Sheikh of
        i. Incompetence
        ii. Lack of Interpersonal skills (despite such allegations are prohibited by Business and Professional Code.
        iii. Dishonesty

24) The terms proposed by the Board included restriction on Dr. Sheikh's travel outside California without Board's advance permission.

25) Dr. Sheikh submitted additional documentation with the Board on or around December 5, 2008.

26) The Medical Board denied Dr. Sheikh's application for license in a letter dated December 16 2008; The denial was based only on:
        i. Dishonesty for checking a 'wrong box' for informing the Medical Board that her contract with her previous residency program was not renewed.

### C.   FIRST STATEMENT OF ISSUES (Accusations against Dr. Sheikh) March 2009

27) The Medical Board published a Statement of Issues with the following accusations;

   i. Dishonesty for checking the wrong box (Business & Professional Code section 480)

   ii. Incompetency for Residency training in Austin Texas.

28) Dr. Sheikh, via her representative Sheikh (her husband) submitted detailed 13 pages objections/ Demurrer on the Statement of Issues.

### D.   SECOND STATEMENT OF ISSUES (Accusations against Dr. Sheikh) May 2009

29) The Medical Board issued an amended statement of issues (May 2009) and withdrew the accusations of Incompetency.

30) The basis of denial for license, at that time, was;

   i. Dishonesty for checking the wrong Box on the application form

31) However, the Board once again used the same language of "unspecified concerns on Dr. Sheikh's knowledge during her first year residency"; this time under the <u>disguise</u> of accusations of Dishonesty.

### E.   SECOND SETTLEMENT OFFER – Stipulation For An Unrestricted License Requiring Acceptance Of Unprofessional Conduct – May 2009

32) During May 2009, the Medical Board offered a Settlement agreement to Dr. Sheikh offering an unrestricted and standard license to practice in California.

33) However, the license was subject to acceptance of accusation of unprofessional conduct for checking the wrong Box. Dr. Sheikh did not agree with that proposal.

### F.   FIRST ADMINISTRATIVE HEARING

34) An administrative hearing was held on or around August 12, 2009.

35) The Office of Administrative Hearings noted that the Medical Board does not have a burden of proof for brining accusations against Dr. Sheikh.

36) Dr. Sheikh sought continuance. Dr. Sheikh stated that an administrative law judge had ordered that the Medical Board provide relevant documentation to Dr. Sheikh and that the Medical Board had not complied with Judge's orders.

37) Dr. Sheikh also sought attention of the Court on the non-compliance; however, she was not successful. Dr. Sheikh never received requested documentations relevant to accusations of the Board and a copy of her file with the Board.

38) Dr. Sheikh was not offered a hearing on Demurrer that she had submitted.

39) The hearing was later rescheduled for another issue that was presented before the Court.

### G.  SECOND ADMINISTRATIVE HEARING

40) A second administrative hearing was held on or around October 2009.

41) Dr. Sheikh did not have the opportunity to present exculpatory evidence before the administrative law judge as the Board did not provide the requested information/documentation to Dr. Sheikh.

42) On or around October 30th, Dr. Sheikh presented a Motion before the Members of Medical Board of California, in a public meeting held in San Diego, that the Board provide requested documentation to Dr. Sheikh as approved by the Administrative Law Judge. Dr. Sheikh did not receive any confirmation whether the Board adopted her motion. However, she was not provided with any documentation.

43) On or around November 25, Dr. Sheikh received a Notice of Denial of her application of license.

44) The decision did not find Dr. Sheikh guilty of the accusations of the Medical Board. Yet the Medical Board recommended denial of her application for license.

### H.  MEDICAL BOARD HAS NOT COMPLIED WITH THE DISCOVERY ORDER OF ADMINISTRATIVE LAW JUDGE

45) An administrative Law Judge (ALJ) had ordered the Medical Board to provide specific documentation to Dr. Sheikh by August 10, 2009. The Judge had determined that specific documentation will be necessary in order to provide Dr. an opportunity to demonstrate her eligibility for the license.

46) The Board via Office of Attorney General accused the Judge of prejudice for signing that discovery order.

47) Dr. Sheikh was not provided with the documentation. She is unable to present her defense until she is aware of nature of the accusation of the Medical Board.

### I. MEDICAL BOARD CLAIMS THAT IT DOES NOT HAVE A BURDEN OF PROOF FOR BRINGING ACCUSATIONS AGAINST DR. SHEIKH

48) The Medical Board and the office of administrative hearings have claimed that the Medical Board does not have a burden of proof for bringing accusations against Dr. Sheikh.

49) The Standard of Review applied in the administrative proceedings was mere preponderance of Evidence rather than 'Clear and Convincing Evidence'.

## V. PRAYER

WHEREFORE, plaintiff respectfully requests relief as follows:

50) Plaintiff seeks annulment of the state's decision to deny her application for license on factual, statutory and Constitutional basis.

51) Plaintiff seeks exemplary sanctions on the State Board for failure to provide requested documentation to her.

52) Plaintiff seeks costs and reasonable attorney fee(s) as much available.

53) Plaintiff seeks such relief that this Court may deem appropriate.

Respectfully Submitted by;

Dated: Feb 11, 2010

_[signature]_
Farzana Sheikh, M.D.

EXHIBIT

C

**Effective: January 1, 2010**

West's Annotated California Codes
  Business and Professions Code (Refs & Annos)
    Division 2. Healing Arts (Refs & Annos)
      Chapter 5. Medicine (Refs & Annos)
        Article 13. Medical Adjudication (Refs & Annos)
          → **§ 2335. Proposed decisions and interim orders of Medical Quality Hearing Panel**

(a) All proposed decisions and interim orders of the Medical Quality Hearing Panel designated in 11371 of the Government Code shall be transmitted to the executive director of the board, or the executive director of the California Board of Podiatric Medicine as to the licensees of that board, within 48 hours of filing.

(b) All interim orders shall be final when filed.

(c) A proposed decision shall be acted upon by the board or by any panel appointed pursuant to 2008 or by the California Board of Podiatric Medicine, as the case may be, in accordance with 11517 of the Government Code, except that all of the following shall apply to proceedings against licensees under this chapter:

(1) When considering a proposed decision, the board or panel and the California Board of Podiatric Medicine shall give great weight to the findings of fact of the administrative law judge, except to the extent those findings of fact are controverted by new evidence.

(2) The board's staff or the staff of the California Board of Podiatric Medicine shall poll the members of the board or panel or of the California Board of Podiatric Medicine by written mail ballot concerning the proposed decision. The mail ballot shall be sent within 10 calendar days of receipt of the proposed decision, and shall poll each member on whether the member votes to approve the decision, to approve the decision with an altered penalty, to refer the case back to the administrative law judge for the taking of additional evidence, to defer final decision pending discussion of the case by the panel or board as a whole, or to nonadopt the decision. No party to the proceeding, including employees of the agency that filed the accusation, and no person who has a direct or indirect interest in the outcome of the proceeding or who presided at a previous stage of the decision, may communicate directly or indirectly, upon the merits of a contested matter while the proceeding is pending, with any member of the panel or board, without notice and opportunity for all parties to participate in the communication. The votes of a majority of the board or of the panel, and a majority of the California Board of Podiatric Medicine, are required to approve the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

decision with an altered penalty, to refer the case back to the administrative law judge for the taking of further evidence, or to nonadopt the decision. The votes of two members of the panel or board are required to defer final decision pending discussion of the case by the panel or board as a whole. If there is a vote by the specified number to defer final decision pending discussion of the case by the panel or board as a whole, provision shall be made for that discussion before the 100-day period specified in paragraph (3) expires, but in no event shall that 100-day period be extended.

(3) If a majority of the board or of the panel, or a majority of the California Board of Podiatric Medicine vote to do so, the board or the panel or the California Board of Podiatric Medicine shall issue an order of nonadoption of a proposed decision within 100 calendar days of the date it is received by the board. If the board or the panel or the California Board of Podiatric Medicine does not refer the case back to the administrative law judge for the taking of additional evidence or issue an order of nonadoption within 100 calendar days, the decision shall be final and subject to review under 2337. Members of the board or of any panel or of the California Board of Podiatric Medicine who review a proposed decision or other matter and vote by mail as provided in paragraph (2) shall return their votes by mail to the board within 30 days from receipt of the proposed decision or other matter.

(4) The board or the panel or the California Board of Podiatric Medicine shall afford the parties the opportunity to present oral argument before deciding a case after nonadoption of the administrative law judge's decision.

(5) A vote of a majority of the board or of a panel, or a majority of the California Board of Podiatric Medicine, are required to increase the penalty from that contained in the proposed administrative law judge's decision. No member of the board or panel or of the California Board of Podiatric Medicine may vote to increase the penalty except after reading the entire record and personally hearing any additional oral argument and evidence presented to the panel or board.

CREDIT(S)

(Added by 1993, c. 1267 (S.B.916), § 32. Amended by 1995, c. 708 (S.B.609), § 10.1; 2007, c. 588 (S.B.1048), § 30; 2007, c. 678 (A.B.253), § 23; 2009, c. 308 (S.B.819), § 25.)

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.