1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  JOSE R. GUERRERO, State Bar No. 97276
   Supervising Deputy Attorney General
3  SUSAN K. MEADOWS, State Bar No. 115092
     455 Golden Gate Avenue, Suite 11000
4    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5552
5    Fax:  (415) 703-5480
     E-mail:  Susan.Meadows@doj.ca.gov
6
   *Attorneys for Defendants*
7  *Medical Board of California and*
   *State of California*
8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13  **FARZANA SHEIKH, M.D.,**                No. Civ. S-10-0213 FCD GGH PS

14                          Plaintiff,       **MEMORANDUM IN SUPPORT OF**
                                             **DEFENDANTS' MOTION TO DISMISS**
15          **v.**                           **PETITION FOR WRIT OF REVIEW AND**
                                             **DECLARATORY RELIEF**
16  **MEDICAL BOARD OF CALIFORNIA,**

17                          Defendant,

18                                           Date:        April 22, 2010
                                             Time:        10:00 a.m.
19  **STATE OF CALIFORNIA,**                 Courtroom:  9
                                             Judge:       The Honorable Gregory G.
20                          Defendant.                    Hollows
                                             Trial Date:   Not set for hearing
21                                           Action Filed: February 17, 2010

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................................ 1

Statement of the case ......................................................................................................... 2

Argument ............................................................................................................................ 4

      I.      Standards for a Rule 12(b) Motion to Dismiss ....................................... 4

      II.     There is no merit to Plaintiff's constitutional claims ............................. 5

      III.    A petition under California Code of Civil Procedure section 1094.5 is the exclusive remedy for review ................................................................... 9

      IV.    Plaintiff's claims under section 1981 and section 1983 are barred based on res judicata. ...................................................................................... 13

      V.     Equitable relief in this case is precluded by *Burford* ........................... 16

      VI.    The Board has Eleventh Amendment immunity to suit ........................ 17

Conclusion ........................................................................................................................ 20

i

# TABLE OF AUTHORITIES

**Page**

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Astoria Fed. Sav. & Loan Ass'n.* v. *Solimino*
    501 U.S. 104 (1991) ................................................................................. 14

*Atascadero State Hospital* v. *Scanlon*
    473 U.S. 234 (1985) ................................................................................. 18

*Bates* v. *Sponberg*
    547 F.2d 325 (6th Cir. 1976) ................................................................ 8, 9

*Bixby* v. *Pierno*
    4 Cal.3d 130 (1971) ................................................................................. 3

*Board of Medical Quality Assurance* v. *Superior Court (Dean)*
    203 Cal.App.3d 691 (1988) .................................................................... 10

*Boren* v. *State Personnel Bd.*
    (1951) 37 Cal.2d 634 .............................................................................. 10

*Branch* v. *Tunnell*
    14 F.3d 449 (9th Cir. 1994) ..................................................................... 5

*Braniff Airways, Inc.* v. *C. A. B.*
    379 F.2d 453 (D.C. Cir, 1967) ............................................................. 8, 9

*Briggs* v. *City of Rolling Hills Estates*
    40 Cal.App.4th 637 (1996) .............................................................. 12, 15

*Burford* v. *Sun Oil Co.*
    319 U.S. 315 (1943) ...................................................................... 2, 16, 17

*California Shipbuilding Corp.* v. *Industrial Acc. Commission*
    27 Cal.2d 536 (1946) ............................................................................... 8

*City of Santee* v. *Superior Court (J.M.R. Co.)*
    228 Cal.App.3d 713 (1991) .................................................................... 12

*Coffin* v. *Department of Alcoholic Beverage Control*
    139 Cal.App.4th 471 (2006) .................................................................... 3

ii

1

**TABLE OF AUTHORITIES**
(continued)

2
Page

3

*Cooper* v. *State Bd. of Medical Examiners of Dept. of Professional and Vocational*
    *Standards of Cal.*
4
        35 Cal.2d 242 (1950) ................................................................................ 8

5

*Doe* v. *Kamehameha Schools/Bernice Pauahi Bishop Estate*
6
        470 F.3d 827 (2006)................................................................................ 13

7

*Edelman* v. *Jordan*
        415 U.S. 651 (1974)................................................................................ 18
8

*Freeman* v. *Michigan Dep't. of State*
9
        808 F.2d 1174 (6th Cir.1987)................................................................ 19

10

*Gates* v. *Super. Ct.*
        178 Cal. App. 3d 301 (1986).................................................................. 13
11

12

*General Bldg. Contractors Ass'n, Inc.* v. *Pennsylvania*
        458 U.S. 375 (1982)................................................................................ 13
13

*Gong* v. *City of Fremont*
14
        250 Cal.App.2d 568 (1967).................................................................... 11

15

*Guerrero* v. *State of N.J.*
16
        643 F.2d 148 (3d Cir. 1981)...................................................................... 8

17

*Guilbert* v. *Regents of Univ. of Cal.*
        93 Cal.App.3d 233 (1979)...................................................................... 11
18

19

*Gutkin* v. *University of Southern California*
        101 Cal.App.4th 967 (2002) .................................................................. 12

20

*Hal Roach Studios, Inc.* v. *Richard Feiner and Co., Inc.*
21
        896 F.2d 1542 (9th Cir. 1991)................................................................... 5

22

*Hason* v. *Medical Board of California*
        279 F.3d 1167 (9th Cir. 2002)................................................................ 18
23

*Hiland Dairy, Inc.* v. *Kroger Co.*
24
        402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969)............................ 5

25

*Hill* v. *City of Manhattan Beach*
        6 Cal.3d 279 (1971) .............................................................................. 11
26

27

*Hostetter* v. *Alderson*
        38 Cal.2d 499 (1952) ............................................................................ 10

28

iii

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

*Int'l Brotherhood of Electrical Workers, Local Union No. 1245* v. *Public Service Commission*

4

    614 F.2d 206 (9th Cir. 1980)................................................................... 17

5

*Interstate Nat. Gas Co.* v. *Southern California Gas Co.*

6

    209 F.2d 380 (9th Cir. 1954)..................................................................... 5

7

*Johnson* v. *American Airlines, Inc.*

    157 Cal. App. 3d 427 (1984)................................................................... 14

8

*Johnson* v. *Loma Linda*

9

    24 Cal.4th 61 (2000) ....................................................................... 15, 16

10

*Knudsen Corp.* v. *Nevada State Dairy Commission*

11

    676 F.2d 374 (9th Cir. 1982)................................................................... 17

12

*Kokkonen* v. *Guardian Life Ins. Co. of America*

    511 U.S. 375 (1994)................................................................................. 5

13

*Kremer* v. *Chemical Constr. Corp.*

14

    456 U.S. 461............................................................................................ 13

15

*Livingston Rock & Gravel Co.* v. *County of Los Angeles*

16

    43 Cal.2d 121 (1954) ............................................................................. 11

17

*Logan* v. *Southern California Rapid Transit Dist.*

    136 Cal.App.3d 116 (1982)..................................................................... 11

18

*Martin* v. *Alcoholic Beverage Control Appeals Bd. of Cal.*

19

    52 Cal.2d 259 (1959) ............................................................................... 3

20

*Migra* v. *Warren City School Dist. Board of Ed.*

    465 U.S. 75 (1984)................................................................................. 13

21

*Miller* v. *County of Santa Cruz*

22

    39 F.3d 1030 (9th Cir. 1994)........................................................... 6, 13, 15

23

*Mir, M.D.* v. *Little Co. of Mary Hospital*

24

    844 F.2d 646 (9th Cir. 1988)..................................................................... 5

25

*Misischia* v. *Pirie*

    60 F.3d 626 (9th Cir. 1995)................................................................. 6, 14

26

*Mitchell* v. *Los Angeles, Community College Dist.*

27

    861 F.2d 198 (9th Cir. 1988)............................................................. 18, 19

28

iv

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

*Morgan* v. *United States*
    298 U.S. 468 (1936) ............................................................................................... 8, 9

4

5

*Mycogen Corp.* v. *Monsanto Co.*
    28 Cal.4th 888 (2002) ............................................................................................. 14, 15

6

*NAACP* v. *State of Cal.*
    511 F.Supp. 1244 (E.D. Cal. 1981), aff'd 711 F.2d 121 (9th Cir. 1983) ................. 18

7

8

*New Orleans Public Service, Inc.* v. *Council of the City of New Orleans*
    491 U.S. 350 (1989) ............................................................................................... 16

9

*Nguyen* v. *University of California*
    2007 WL 2993276 (E.D. Cal. 2007) ....................................................................... 15

10

11

*Norris & Hirshberg, Inc.* v. *SEC*
    163 F.2d 689 (1947), cert. denied, 333 U.S. 867 (1948) ........................................ 9

12

13

*Panos* v. *Great Western Packaging Co.*
    21 Cal.2d 636 (1943) ............................................................................................. 16

14

*Pareto* v. *F.D.I.C.*
    139 F.3d 696 (9th Cir. 1998) .................................................................................. 5

15

16

*Peiser* v. *Mettler*
    50 Cal.2d 594 (1958) ............................................................................................. 14

17

18

*Pittman* v. *Oregon, Employment Dept.*
    509 F.3d 1065 (9th Cir. 2007) ................................................................................ 19

19

*Pomona College* v. *Superior Court (Corin)*
    45 Cal.App.4th 1716 (1996) ................................................................................... 12

20

21

*Puerto Rico Aqueduct & Sewer Authority* v. *Metcalf & Eddy*
    506 U.S. 139 (1993) ............................................................................................... 18

22

23

*Rezai* v. *Tustin*
    26 Cal.App.4th 443 (1994) ..................................................................................... 12

24

25

*Romano* v. *Bible*
    169 F.3d 1182 (9th Cir. 1999) ................................................................................ 18

26

*Rounds* v. *Oregon State Board of Higher Education*
    166 F.3d 1032 (9th Cir. 1999) ................................................................................ 19

27

28

v

1

# TABLE OF AUTHORITIES
## (continued)

2

Page

3

*Scoggin* v. *Schrunk*
    522 F.2d 436 (9th Cir. 1975)..................................................................................... 14

4

*Seminole Tribe* v. *Florida*
    517 U.S. 44 (1996) .................................................................................................. 18

5

6

*Sessions* v. *Rusk State Hosp.*
    648 F.2d 1066 (5th Cir.1981)................................................................................. 19

7

8

*Singletary* v. *Missouri Dep't of Corr.*
    423 F.3d 886 (8th Cir.2005)................................................................................... 19

9

*Slater* v. *Blackwood*
    15 Cal.3d 791 (1975) .............................................................................................. 14

10

11

*Sopcak* v. *Northern Mountain Helicopter Service*
    52 F.3d 817 (9th Cir. 1995)...................................................................................... 5

12

13

*State of California* v. *Superior Court (Veta)*
    12 Cal.3d 237 (1974) .............................................................................................. 11

14

*Takahashi* v. *Board of Ed. of Livingston, Union School District*
    202 Cal. App. 3d 1464 (1988).......................................................................... 13, 14

15

16

*Temescal Water Co.* v. *Department of Public Works*
    44 Cal.2d 90 (1955) ................................................................................................ 10

17

18

*Thornhill Publishing Co., Inc.* v. *General Telephone & Electronics Corp.*
    594 F.2d 730 (9th Cir. 1979).................................................................................... 5

19

*Triangle Ranch, Inc.* v. *Union Oil Co.of California*
    135 Cal.App.2d 428 (1955)..................................................................................... 11

20

21

*Tucker* v. *First Maryland Sav. & Loan, Inc.*
    942 F.2d 1401 (9th Cir. 1991).................................................................................. 17

22

23

*Tucson* v. *U.S. West Communications, Inc.*
    284 F.3d 1128 (9th Cir. 2002).......................................................................... 16, 17

24

25

*United States* v. *Morros*
    268 F.3d 695 (9th Cir. 2001)............................................................................ 16, 17

26

*United States* v. *Utah Const. & Mining Co.*
    384 U.S. 394 (1966) ................................................................................................ 14

27

28

Memorandum in Support of Defendants' Motion to Dismiss (Civ. S-10-0213 FCD GGH PS)

1

## TABLE OF AUTHORITIES
**(continued)**

2

**Page**

3

*University of Tennessee* v. *Elliott*
    478 U.S. 788 (1986) ............................................................................................... 14

4

*Wehrli* v. *County of Orange*
    175 F.3d 692 (9th Cir. 1999).................................................................................. 14

5

6

*Western Mining Council* v. *Watt*
    643 F.2d 618 (9th Cir. 1981)................................................................................... 5

7

*Will* v. *Michigan Dept. of State Police*
    491 U.S. 58 (1989) ............................................................................................... 19

8

9

*Willapoint Oysters, Inc.* v. *Ewing*
    *supra*, 174 F.2d at 696 .......................................................................................... 9

10

11

*William* v. *Krumsiek*
    131 Cal. App. 2d 411 (1955) ................................................................................ 16

12

13

*Wood* v. *Sergeant*
    694 F.2d 1159 (9th Cir. 1982)............................................................................... 18

14

**FEDERAL STATUTES**

15

16

28 United States Code Annotated
    § 1343 ..................................................................................................................... 1

17

18

42 United States Code
    § 1981 ................................................................................... 1, 10, 13, 14, 15, 16, 19
    § 1983 ............................................................................................................ passim

19

20

42 United States Code Annotated
    § 181 ....................................................................................................................... 1
    § 183 .................................................................................................................... 1, 4
    § 2000 ..................................................................................................................... 1

21

22

Title VII................................................................................................................................... 1

23

24

25

26

27

28

Memorandum in Support of Defendants' Motion to Dismiss (Civ. S-10-0213 FCD GGH PS)

# TABLE OF AUTHORITIES
### (continued)

Page

**CALIFORNIA STATE STATUTES**

California Business & Professions Code
  § 100 ................................................................................................................................. 18
  § 101 ................................................................................................................................. 18
  § 475(a) .............................................................................................................................. 3
  § 480(a) .............................................................................................................................. 3
  § 480(c) .............................................................................................................................. 3
  § 2234(e) ............................................................................................................................ 2
  § 2261 ................................................................................................................................. 3
  § 2335 ........................................................................................................................ passim

California Code of Civil Procedure
  § 1094.5 ..................................................................................................................... passim
  § 1094.5(2) ....................................................................................................................... 10

California Government Code
  § 11504 ............................................................................................................................... 2
  § 11517 ....................................................................................................................... 7, 8, 9
  § 11517(b) .......................................................................................................................... 8
  § 11517(c)(2) ..................................................................................................................... 8
  § 11520(a) .......................................................................................................................... 3
  § 11521 ......................................................................................................................... 4, 13
  § 11523 ........................................................................................................................ passim

California Medical Practice Act, California Business. & Professions Code
  § 2000, et seq. .................................................................................................................... 7

**CONSTITUTIONS**

California Constitution
  California Constitution ......................................................................................................... 6
  art. III, § 3.5 ....................................................................................................................... 6

Constitution of the United States
  Constitution of the United States .................................................................................. 9, 18
  Eleventh Amendment ....................................................................................... 2, 17, 18, 19
  Fourteenth Amendment .................................................................................................... 18

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure
  12(b) .............................................................................................................................. 4, 13
  12(b)(1) ...................................................................................................................... passim
  12(b)(6) ................................................................................................... 2, 4, 5, 17, 19, 20

# TABLE OF AUTHORITIES
**(continued)**

**Page**

Federal Rules of Evidence
210........................................................................................................................... 2

Federal Rules of Appellate Procedure
32.1.......................................................................................................................... 15

Local Rules of the United States District Court, E. D.
133(i)(3) .................................................................................................................. 15

Memorandum in Support of Defendants' Motion to Dismiss (Civ. S-10-0213 FCD GGH PS)

1

**INTRODUCTION**

2    On January 27, 2010, plaintiff Farzana Sheikh's husband filed a pleading with this Court

3    entitled "Petition for Writ of Review; on Denial of Application for Physician's License by

4    Medical Board of California CCP § 1094.5 [and] Declaratory Relief; California Business and

5    Professional [sic] Code § 2335 Violates Physician's Constitutional Right to Due Process 42

6    U.S.C.A. § 183 [sic]" on her behalf.  The Court struck the pleading effective February 12, 2010

7    because it had been filed by a non-lawyer.  On February 17, 2010, Farzana Sheikh ("Sheikh" or

8    "Plaintiff") filed an amended pleading entitled "Amended Petition for Writ of Review; on Denial

9    of Application for Physician's License by Medical Board of California CCP § 1094.5 [and]

10   Declaratory Relief; California Business and Professional [sic] Code §2335 Violates Physician's

11   Constitutional Right to Due Process 42 U.S.C.A. § 183 [sic]" ("Complaint").  The Complaint

12   names the Medical Board of California ("Board" or "Defendant") and the State of California

13   ("State" or "Defendant") as defendants.  The Complaint is largely unintelligible and Sheikh

14   asserts that she is "<u>not</u> stating any claims against Defendant(s)" (Complaint, p. 2, lines 24-25,

15   emphasis in original) but she does, nonetheless, appear to allege that the Defendants violated her

16   right to due process.  She asks the Court to set aside the Board's decision denying her application

17   for a California physician's and surgeon's certificate, to approve her application for a physician's

18   and surgeon's certificate, and to issue an order declaring California Bus. & Prof. Code § 2335 to

19   be unconstitutional.  She asserts that this Court has jurisdiction under 42 U.S.C.A. § 183,[1] 42

20   U.S.C.A. § 2000,[2] and 28 U.S.C.A. § 1343, supplemental jurisdiction to consider her petition for

21   writ of review, and jurisdiction to consider "a special defense pursuant to Title VII 42 U.S.C.A. §

22   181 [sic]" which she claims she presented in the Administrative Proceedings.  (Complaint, p. 3,

23   lines 10-11).

24   ///

25   ───────────────────

26   [1] Defendants assume that when Sheikh refers to 42 U.S.C.A. § 181 and 42 U.S.C.A. § 183, she means 42 U.S.C. § 1981 and 42 U.S.C. § 1983, respectively, and base their arguments on that assumption.

27   [2] There is no 42 U.S.C.A. § 2000 and defendants do not know under what section plaintiff means to assert jurisdiction.

28

1

1    For numerous reasons, Sheikh is not entitled to the relief she seeks—not from this Court,

2    against these Defendants, or on the basis of the claims asserted.  The claims pressed and the relief

3    sought by Sheikh are *specifically* precluded by operation of law.  Among other things, there is no

4    merit to Sheikh's claim that Cal. Bus. & Prof. Code § 2335 is unconstitutional; the Court may

5    neither entertain nor grant the requested relief under the *Burford* doctrine and/or because the

6    Board's decision is res judicata and/or because licensing of medical professionals falls within the

7    police power of the state; and the Court is precluded from hearing suits against these Defendants

8    by Eleventh Amendment sovereign immunity.  For these and other reasons, the claims are

9    deficient as a matter of law.  Accordingly, the Complaint is subject to dismissal under Federal

10   Rules of Civil Procedure, Rule 12(b)(1), and Rule 12(b)(6).

11                                **STATEMENT OF THE CASE**

12   The underlying facts in this case are set out in the Board's decision denying Sheikh's

13   license application.  A certified copy of the decision is attached to the Request of Defendants

14   Medical Board of California and State of California for Judicial Notice in Support of Defendants'

15   Motion to Dismiss ("Req. for Judicial Notice") as Exhibit 1.[3]  In or about September 2007,

16   Sheikh submitted to the Board an application for a physician's and surgeon's certificate.  A

17   physician's and surgeon's certificate is a license to practice medicine in the State of California.

18   The Board denied Sheikh's application in December 2008 based on false statements on her

19   application.  Sheikh requested a hearing.  The Board filed a Statement of Issues under the

20   California Administrative Procedure Act ("APA"), Cal. Gov. Code § 11504, in March 2009 and

21   an Amended Statement of Issues in May 2009, Case No. 20-2009-196933.  Certified copies of the

22   Statement of Issues and Amended Statement of Issues are attached as Exhibit 2.[4]  The Amended

23   Statement of Issues charged Sheikh with dishonesty under Cal. Bus. & Prof. Code § 2234,

24   subdivision (e); knowingly making or signing a document related to the practice of medicine

25          [3] The Board's decision is an official record of the California Medical Board, is referenced
      in the Complaint, and is subject to judicial notice pursuant to Fed. R. Evid. 210.  See Section I,
26   *infra*.
          [4] These Statements of Issues are official records of the California Medical Board, are
27   referenced in the Complaint, and are subject to judicial notice pursuant to Fed. R. Evid. 210.  See
      Section I, *infra*.
28

1    which falsely represents the existence or nonexistence of the state of facts under California Bus.

2    & Prof. Code § 2261; and knowingly making a false statement of material fact or knowingly

3    omitting to state a material fact in an application for a license and related charges under Cal. Bus.

4    & Prof. Code §475, subdivision (a), and § 480, subdivisions (a) and (c).  A hearing was scheduled

5    for October 29, 2009.  The Board served Sheikh with a formal notice of the hearing on August 14,

6    2009.  On October 28, 2009, Sheikh's husband faxed a letter to the Office of Administrative

7    Hearings ("OAH") stating that an investigation into actions taken by the OAH was necessary and

8    that "This is clear that there is no need for any hearing until your office undertakes this

9    investigation."  Sheikh did not appear at the noticed hearing to make these or any other

10   objections.  The Amended Statement of Issues was tried, pursuant to Cal. Gov. Code § 11520,

11   subdivision (a), before Administrative Law Judge ("ALJ") Ann Elizabeth Sarli of the OAH on

12   October 29, 2009.  Evidence was taken even though, under §11520(a), when a respondent fails to

13   appear at the hearing and "the burden of proof is on the respondent to establish that the

14   respondent is entitled to the agency action sought, the agency may act without taking evidence."

15   In this proceeding on Sheikh's application for a license to practice medicine, the burden of proof

16   was on Sheikh.[5]  *Martin* v. *Alcoholic Beverage Control Appeals Bd. of Cal.*, 52 Cal.2d 259, 265

17   (1959) (the "burden of proof may properly be placed upon the applicant in application

18   proceedings"; *accord*, *Coffin* v. *Department of Alcoholic Beverage Control*, 139 Cal.App.4th 471,

19   477 (2006).

20        ALJ Sarli issued a proposed decision denying Sheikh's application for a physician's and

21   surgeon's certificate, which was accepted and adopted by the Board on November 25, 2009 and

22   became effective on December 28, 2009.  The decision found that the evidence was persuasive

23   that Sheikh had failed to provide a written explanation for a leave of absence from her training

24   program as required in the application instructions and that she did not truthfully answer two of

---

25        [5] Sheikh appears to believe that she has a "vested" right to practice medicine and that the burden is therefore on the Board to prove by "clear and convincing" evidence that her application
26   should be denied.  A "vested" right, however, refers to a right, such as a license, "already possessed by the individual."  *Bixby* v. *Pierno*, 4 Cal.3d 130, 146 (1971).  A lower standard of
27   review and a lesser burden of proof attend the denial of a license application than a decision to discipline a license already issued.  *Id.*

28

1   the questions on the application as charged in the Amended Statement of Issues and that she had

2   "not met her burden of showing that she is presently fit for licensure." (Decision, Exhibit 1 to

3   Req. for Judicial Notice, page 4, Factual Findings 10, 11, and 12, and page 6, Legal

4   Conclusion 6.)

5         The provisions of the California APA, specifically Cal. Gov. Code §§ 11521 and 11523,

6   provided Sheikh with two options for appeal of the Board's administrative decision.  She could

7   have, under § 11521, petitioned the Board for reconsideration of the decision, at any time prior to

8   the effective date of the decision.  She could also, instead of or in addition to seeking

9   reconsideration, seek judicial review of the decision in the California state courts, as authorized

10  by § 11523, by filing a petition for writ of administrative mandate under Cal.Code Civ. Proc. §

11  1094.5.  Sheikh did not take either of these routes to appeal.  Instead, she filed a Complaint with

12  this Court seeking to have the Board's decision overturned.  As described below, this is not a

13  form of relief that she may seek from this Court.

14                                    **ARGUMENT**

15        Dissatisfied with the Board's decision denying her application for a license to practice

16  medicine in California, Plaintiff Sheikh filed this action asking a federal court to review the state

17  administrative adjudicative proceedings.  For the reasons discussed below, the relief sought by

18  Plaintiff cannot be granted.  Accordingly, moving Defendants ask that the "Amended Petition for

19  Writ of Review; on Denial of Application for Physician's License by Medical Board of California

20  CCP § 1094.5 [and] Declaratory Relief; California Business and Professional [sic] Code § 2335

21  Violates Physician's Constitutional Right to Due Process 42 U.S.C.A. § 183 [sic]" be dismissed

22  with prejudice.

23  **I.    STANDARDS FOR A RULE 12(B) MOTION TO DISMISS**

24        This Motion to Dismiss is brought pursuant to two separate subdivisions of Rule 12(b) of

25  the Federal Rules of Civil Procedure.  Rule 12(b)(1) authorizes dismissal for a lack of subject

26  matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Rule 12(b)(6) authorizes dismissal for the failure to

27  state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

28  ///

                                          4

1    Generally, a motion to dismiss pursuant to Rule 12(b)(1) should be considered in advance

2    of other legal challenges because a court must possess jurisdiction before determining the validity

3    of claims.  *E.g.*, *Thornhill Publishing Co., Inc.* v. *General Telephone & Electronics Corp.*, 594

4    F.2d 730, 733-34 (9th Cir. 1979).  Federal courts are courts of limited jurisdiction and therefore

5    presume a lack of jurisdiction until it's proven otherwise.  *Kokkonen* v. *Guardian Life Ins. Co. of*

6    *America*, 511 U.S. 375, 377 (1994).  Thus, where a Rule 12(b)(1) motion asserting a lack of

7    subject matter jurisdiction is brought, the burden is on the party asserting federal jurisdiction—in

8    this case, the Plaintiff—to prove the existence of federal subject matter jurisdiction.  *Id.*; *see also*,

9    *Sopcak* v. *Northern Mountain Helicopter Service*, 52 F.3d 817, 818 (9th Cir. 1995).

10    A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims

11    asserted in the complaint.  A court generally cannot consider materials outside of the complaint

12    itself except for materials submitted with the complaint or the contents of which are alleged in the

13    complaint.  *Hal Roach Studios, Inc.* v. *Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n. 19

14    (9th Cir. 1991).  *See Branch* v. *Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other

15    grounds.  It is also proper for the court to consider matters subject to judicial notice.  *Mir, M.D.* v.

16    *Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988); *Interstate Nat. Gas Co.* v.

17    *Southern California Gas Co.* 209 F.2d 380, 385 (9th Cir. 1954) (Court may take judicial notice of

18    records and reports of administrative bodies in 12(b)(6) motion).  As with a facial challenge under

19    Rule 12(b)(1), for purposes of a Rule 12(b)(6) motion to dismiss, a court must accept as true all

20    material allegations in the complaint, and reasonable inferences that may be drawn from them.

21    *See Pareto* v. *F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  In ruling on a Rule 12(b)(6) motion,

22    however, a court need not simply accept as true unreasonable inferences, unwarranted deductions

23    of fact, and/or conclusory legal allegations cast in the form of factual allegations.  *E.g.*, *Western*

24    *Mining Council* v. *Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Hiland Dairy, Inc.* v. *Kroger Co.*, 402

25    F.2d 968, 973 (8th Cir. 1968), *cert. denied*, 395 U.S. 961, (1969).

26    ## II.    THERE IS NO MERIT TO PLAINTIFF'S CONSTITUTIONAL CLAIMS

27    Dissatisfied with the decision of the Medical Board, Sheikh comes to this Court seeking to

28    have the decision overturned and the Court award her a medical license.  For all the many reasons

5

1    set out below, she cannot prevail.  As described in detail in Section IV, below, the Ninth Circuit

2    Court of Appeals has held that a dissatisfied participant in a state administrative proceeding

3    cannot simply restate his or her administrative claim in constitutional terms and bring it to federal

4    district court to decide differently.  *Miller* v. *County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994).

5    So, whether Sheikh characterizes her concern as the "issue" of the right to obtain a license to

6    practice medicine in the State of California or as the "claim" of a civil rights violation, "the

7    unreviewed finding of the administrative tribunal precludes further litigation of [her]

8    contentions."  *Id.* at 1034-1035.

9        In an attempt to circumvent the decision of the *Miller* court—and of the many other courts

10   ruling that federal courts will not review state administrative decisions—and to obtain federal

11   supplemental jurisdiction over her request for review of the Board's decision, Sheikh claims that

12   Bus. & Prof. Code § 2335 is unconstitutional.  Her position appears to be that, because, under the

13   California Constitution the constitutionality of a statute cannot be ruled upon by an administrative

14   agency, she could not have raised the issue at the administrative hearing.  Cal. Const. art. III, §

15   3.5.  And, because the question of the constitutionality of the statute is properly before this Court,

16   it therefore can assume supplemental jurisdiction over the requested review of the Board's

17   decision.  This attempt must fail both because the allegation that Cal. Bus. & Prof. Code § 2335 is

18   unconstitutional is completely without merit and because, even if the statute were

19   unconstitutional, it would not, as described below, afford this Court a basis for exercising

20   jurisdiction over review of the Board's decision.  "A litigant cannot use supplemental jurisdiction

21   to have a federal judge instead of a state judge perform the judicial review of a state

22   administrative agency decision which the state statute assigns to a state court."  *Misischia* v.

23   *Pirie*, 60 F.3d 626, 631 (9th Cir. 1995).

24       Sheikh's complaint about § 2335 appears to be that it deprives her of her right to due

25   process by permitting the Board to adopt an ALJ's proposed decision without independently

26   reviewing the evidence.  There is, however, no requirement, constitutional or otherwise, that a

27   decisionmaker in an administrative proceeding consider the actual evidence produced in a hearing

28   before an administrative law judge before making its final decision.

6

1    California Bus. & Prof. Code § 2335 is part of the California Medical Practice Act, Cal.

2    Bus. & Prof. Code § 2000, et seq.  It provides that, in proceedings against persons not already

3    holding a license, an ALJ's proposed decision after hearing "shall be acted upon by the board . . .

4    in accordance with Section 11517 of the Government Code." [6]

5    Under Cal. Gov. Code § 11517, the Board may adopt a proposed decision prepared by an

6    ALJ after an administrative hearing without independently reviewing the record.  In fact, if the

_____

[6] Cal. Gov. Code § 11517, a part of the California Administrative Procedure Act, provides, in

pertinent part, as follows:

"(c) (2) Within 100 days of receipt by the agency of the administrative law judge's proposed
decision, the agency may act as prescribed in subparagraphs (A) to (E), inclusive.  If the agency
fails to act as prescribed in subparagraphs (A) to (E), inclusive, within 100 days of receipt of the
proposed decision, the proposed decision shall be deemed adopted by the agency.  The agency
may do any of the following:
"(A) Adopt the proposed decision in its entirety.
"(B) Reduce or otherwise mitigate the proposed penalty and adopt the balance of the proposed
decision.
"(C) Make technical or other minor changes in the proposed decision and adopt it as the decision.
Action by the agency under this paragraph is limited to a clarifying change or a change of a
similar nature that does not affect the factual or legal basis of the proposed decision.
"(D) Reject the proposed decision and refer the case to the same administrative law judge if
reasonably available, otherwise to another administrative law judge, to take additional evidence.
If the case is referred to an administrative law judge pursuant to this subparagraph, he or she shall
prepare a revised proposed decision, as provided in paragraph (1), based upon the additional
evidence and the transcript and other papers that are part of the record of the prior hearing.  A
copy of the revised proposed decision shall be furnished to each party and his or her attorney as
prescribed in this subdivision.
"(E) Reject the proposed decision, and decide the case upon the record, including the transcript,
or upon an agreed statement of the parties, with or without taking additional evidence.  By
stipulation of the parties, the agency may decide the case upon the record without including the
transcript.  If the agency acts pursuant to this subparagraph, all of the following provisions apply:
"(i) A copy of the record shall be made available to the parties.  The agency may require payment
of fees covering direct costs of making the copy.
"(ii) The agency itself shall not decide any case provided for in this subdivision without affording
the parties the opportunity to present either oral or written argument before the agency itself.  If
additional oral evidence is introduced before the agency itself, no agency member may vote
unless the member heard the additional oral evidence.
"(iii) The authority of the agency itself to decide the case under this subdivision includes
authority to decide some but not all issues in the case.
    "(iv) If the agency elects to proceed under this subparagraph, the agency shall issue its
final decision not later than 100 days after rejection of the proposed decision.  If the agency elects
to proceed under this subparagraph, and has ordered a transcript of the proceedings before the
administrative law judge, the agency shall issue its final decision not later than 100 days after
receipt of the transcript.  If the agency finds that a further delay is required by special
circumstance, it shall issue an order delaying the decision for no more than 30 days and
specifying the reasons therefor.  The order shall be subject to judicial review pursuant to Section
11523."

7

1    Board fails to act within 100 days of receiving the proposed decision, under § 11517(c)(2) the

2    proposed decision automatically becomes the decision of the Board without further action.  The

3    only time the Board is required to review the record under § 11517 is when it rejects a proposed

4    decision and does not refer the matter to an ALJ for additional evidence.  Courts have universally

5    found this practice to be constitutionally sound.  In *Cooper* v. *State Bd. of Medical Examiners of*

6    *Dept. of Professional and Vocational Standards of Cal.*, 35 Cal.2d 242 (1950), the California

7    Supreme Court addressed the relevant provisions of § 11517.  The court ruled that a Board's

8    adopting a proposed decision without an independent review of the record does not deprive

9    participants in administrative proceedings of due process:  "If the hearing is held before a hearing

10   officer alone, the agency may adopt the officer's proposed decision in its entirety, or may reduce

11   the proposed penalty and adopt the balance of the proposed decision (Govt. Code, s 11517(b)),

12   ***without reading the record***."  *Id.* at 246 (emphasis added; internal quotation marks omitted).  In

13   assessing an identical provision in another statute, the California Supreme Court held that

14   "[w]hen the commission adopts the facts found and the decision recommended by the one who is

15   authorized to and does hear the evidence, then the commission is not required to review the

16   record."  *California Shipbuilding Corp*. v. *Industrial Acc. Commission*, 27 Cal.2d 536, 544

17   (1946), quoting *Taylor* v. *Industrial Acc. Com.*, 38 Cal.App.2d 75, 82 (1940).  The court in

18   *California Shipbuilding Corp.* stated "Assuming, as petitioner asserts, that the commissioners

19   followed their frequent practice of adopting the referee's recommendation without reading the

20   petition for rehearing or the transcript of the evidence, such procedure did not violate due

21   process." *Id.*

22        These decisions are consistent with the views of the federal courts that have considered the

23   issue.  *E.g.*, *Braniff Airways, Inc*. v. *C. A. B.*, 379 F.2d 453, 461 (D.C. Cir, 1967); *Guerrero* v.

24   *State of N.J.*, 643 F.2d 148, 150 (3d Cir. 1981); *Bates* v. *Sponberg*, 547 F.2d 325, 326 (6th Cir.

25   1976).  The United States Supreme Court in *Morgan* v. *United States* 298 U.S. 468 (1936),

26   announced the doctrine that "he who decides must hear," but simultaneously declared that

27   "[e]vidence may be taken by an examiner [and e]vidence thus taken may be sifted and analyzed

28   by competent subordinates."  (*Id*. at 481.)  As discussed in *Bates*, 547 F.2d 325, the procedure

8

1   imposed by Gov. Code § 11517 is consistent with *Morgan*.  The *Bates* court, quoting from 2

2   Davis Administrative Law s 11.03 at 44-45 (1958) (footnotes omitted), stated that

3           [a]ccording to the opinion in the leading First *Morgan* case, the requirement is not
            that deciding officers must personally read the record but it is that they must
4           personally "consider and appraise" the evidence.  The Court declared: "Evidence
            may be taken by an examiner.  Evidence thus taken may be sifted and analyzed by
5           competent subordinates."  Since the only purpose of sifting and analyzing of evidence
            by subordinates is to save the time of the deciding officers, this necessarily means
6           that deciding officers may "consider and appraise" the evidence by reading a
            summary or analysis prepared by subordinates.  The Supreme Court thus did not
7           require in the First *Morgan* case that deciding officers must read all the evidence or
            even that they must directly read any of it.  The requirement has to do with personal
8           understanding of the evidence, not with the mechanics by which the understanding is
            developed.  In common practice, deciding officers develop their understanding of
9           evidence not only through reports of subordinates but especially through summaries
            and explanations in briefs and oral arguments of parties.

10

11  *Bates*, 547 F.2d at 332.

12          *Braniff Airways,* citing the *Morgan* case among others, stated that "[i]t is well settled that

13  even in the adjudicatory process, an administrative officer may rely on subordinates to sift and

14  analyze the record and prepare summaries and confidential recommendations, and the officer may

15  base his decision on these reports without reading the full transcript. See, *e.g.*, *Morgan* v. *United*

16  *States*, 298 U.S. 468, 481-482 (1936); *Norris & Hirshberg, Inc*. v. *SEC*, 163 F.2d 689, 693

17  (1947), cert. denied, 333 U.S. 867 (1948); *Willapoint Oysters, Inc*. v. *Ewing*, *supra*, 174 F.2d at

18  696." *Braniff Airways*, 379 F.2d at 461.

19          There is no defensible basis for Plaintiff's claim that Bus. & Prof. Code §2335 violates

20  rights to due process guaranteed by the Constitution of the United States and 42 U.S.C. §1983.

21  (Complaint, page 3, lines 5-7).  As described below, there is therefore no basis for this Court to

22  assume jurisdiction over Sheik's claims.

23  **III.  A PETITION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1094.5 IS
          THE EXCLUSIVE REMEDY FOR REVIEW**

24

25          The judicial review provision in Chapter 5 of the California APA, Gov. Code § 11523,

26  provides that judicial review of an administrative decision rendered pursuant to that chapter "may

27  be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of

28  Civil Procedure . . . within 30 days after the last day on which reconsideration can be ordered."  It

                                              9

1    is well understood in California law that this provision and its associated legal effect (1) refers to

2    a petition for writ of administrative mandate to be filed under Code Civ. Proc. § 1094.5 and (2)

3    makes such a § 1094.5 petition the exclusive remedy for review of an APA hearing.

4          Notwithstanding that exclusivity, Sheikh seeks to attach her § 1094.5 petition to a civil

5    complaint for declaratory relief under the federal Civil Rights Act (42 U.S.C. § 1983 and possibly

6    42 U.S.C. § 1981).  This is improper.  The Complaint should be dismissed based not only on the

7    exclusivity of the § 1094.5 petition but also for the many other reasons set out in support of

8    Defendants' Motion to Dismiss.

9          Except for the request for a declaratory judgment finding Bus. & Prof. Code § 2335

10   unconstitutional, the causes of action in Sheikh's Complaint are directed at the decision denying

11   her application for a California physician's and surgeon's certificate, a decision reached only after

12   an administrative hearing was conducted and a proposed decision issued pursuant to the

13   provisions of the California APA.  Government Code § 11523 provides that judicial review of

14   agency administrative adjudications may "be obtained ***exclusively*** under the provisions of the

15   Code of Civil Procedure. . . . all final agency decisions rendered under the APA have been, since

16   1945, subject to review under the provisions of section 1094.5 of the Code of Civil

17   Procedure . . ."  *Board of Medical Quality Assurance* v. *Superior Court (Dean)*, 203 Cal.App.3d

18   691, 698 (1988) (emphasis added).  For nearly as long, it has been the rule in California that §

19   1094.5 is the ***exclusive*** remedy, with regard to judicial review available to persons wishing to

20   challenge such agency decisions.  *See, e.g.*, *Hostetter* v. *Alderson*, 38 Cal.2d 499, 500 (1952)

21   ("An action for declaratory relief is not appropriate for review of an administrative order. . . [and]

22   the complaint may be regarded as a petition for a writ of mandate."); *Temescal Water Co.* v.

23   *Department of Public Works*, 44 Cal.2d 90, 106 (1955) ("The proper remedy for reviewing the

24   [decision] is by a writ of mandate pursuant to section 1094.5 of the Code of Civil Procedure.");

25   *Boren* v. *State Personnel Bd.* (1951) 37 Cal.2d 634, 637.  Moreover, not only is a writ of mandate

26   the exclusive method of review of such decisions, but the availability of such writ proceeding

27   ///

28   ///

10

1   serves as an "adequate remedy at law," specifically *precluding* awards of injunctive or

2   declaratory relief.  *See, e.g.*, *Livingston Rock & Gravel Co.* v. *County of Los Angeles*, 43 Cal.2d

3   121, 129 (1954).

4          This means not only that claims for declaratory, injunctive, or other forms of relief are not

5   proper means for seeking review of administrative decisions, *e.g.*, *State of California* v. *Superior*

6   *Court (Veta)*, 12 Cal.3d 237, 245-252 (1974) (claims for money damages, declaratory relief, and

7   injunctive relief not proper means to seek review of administrative decision; "Veta is essentially

8   seeking to review the validity of an administrative action and, as discussed above, such review is

9   properly brought under the provisions of section 1094.5 . . ."), but also that such claims, whether

10  brought separately or joined together with a § 1094.5 petition, are subject to a motion to dismiss

11  because they seek an improper alternative route to judicial review apart from the exclusive §

12  1094.5 remedy.  *See, e.g.*, *id.* at pp. 245-252; *Triangle Ranch, Inc.* v. *Union Oil Co.of California*,

13  135 Cal.App.2d 428, 434-438 (1955).  In affirming a trial court grant of a demurrer, a California

14  Court of Appeal noted:

15          The courts have repeatedly held that [the] administrative writ of mandate provided for
        in section 1094.5 is the appropriate remedy for the purpose of inquiring into the
16      validity of any final administrative agency decision made as a result of a proceeding
        which by law requires a hearing, evidence to be considered, and a discretionary
17      determination of fact vested in an inferior tribunal.  [Citations.] . . . Although Logan's
        third and fifth counts sound in contract, any cause of action that involves the
18      substance of the hearing held by the RTD, whether such cause of action sounds in tort
        or contract, must be tested under a section 1094.5 writ.
19

20  *Logan* v. *Southern California Rapid Transit Dist.*, 136 Cal.App.3d 116, 123 (1982); accord *Hill*

21  v. *City of Manhattan Beach*, 6 Cal.3d 279, 287 (1971) (action for declaratory relief improper).  In

22  particular, joinder of other cause(s) of action with a § 1094.5 petition may not be used to avoid

23  the limitations on scope and nature of judicial review provided in § 1094.5, i.e., as a means to

24  obtain a trial de novo or to procure new evidence.  *See, e.g.*, *Guilbert* v. *Regents of Univ. of Cal.*,

25  93 Cal.App.3d 233, 244-246 (1979); *Gong* v. *City of Fremont*, 250 Cal.App.2d 568, 574 (1967).

26         As the above-quoted passage suggests, the exclusivity of the § 1094.5 writ and resulting bar

27  on joinder or separate pursuit of other claims as a means to seek review of such decisions applies

28  regardless of *type* of claim.  Whether such claims sound in tort, contract, or are of constitutional

11

1  dimension, they may **only** be pursued via a § 1094.5 writ petition.  *See, e.g.*, *Gutkin* v. *University*

2  *of Southern California,* 101 Cal.App.4th 967, 978 (2002) ("Gutkin cannot circumvent [§ 1094.5]

3  administrative mandamus review by seeking redress for alleged procedural and due process

4  deficiencies in the dismissal process.  That is precisely the purpose of mandamus review . . .").

5       In other words, a claimant cannot escape the exclusivity of the § 1094.5 remedy with regard

6  to judicial review simply by presenting such other claims as preserving constitutional rights.  The

7  preservation of such due process rights is specifically addressed by the § 1094.5 writ review.  *See*

8  *Gutkin*, 101 Cal.App.4th at 978-981 (affirming dismissal of or demurrer to several tort and

9  contract claims based on, inter alia, "procedural and due process deficiencies," on ground(s) they

10  are "precisely the type of claims that administrative mandamus is designed to address"); *Pomona*

11  *College* v. *Superior Court (Corin)*, 45 Cal.App.4th 1716, 1721-1730 (1996)  (affirming demurrer

12  to contract claims and "due process" violations on grounds including that "the determination as to

13  whether the proceedings were adequate, whether procedural irregularities occurred during the

14  review process, and whether they were so prejudicial as to warrant the issuance of a writ of

15  mandate should be made by the superior court only upon . . . the proper pleading.").  So strong is

16  the exclusivity of the § 1094.5 remedy, in fact, that the failure to pursue that remedy precludes or

17  estops a claimant from seeking to challenge a proceeding subject to § 1094.5 review by way of

18  any other claim.  *See, e.g.*, *Rezai* v. *Tustin*, 26 Cal.App.4th 443, 448-453 (1994).  This is the case

19  regardless of the type of claim or injury asserted.  *See, e.g.*, *Briggs* v. *City of Rolling Hills Estates*,

20  40 Cal.App.4th 637, 645-649 (1996) (holding federal Civil Rights Act claim(s) barred by failure

21  to seek direct judicial review of challenged decision via a § 1094.5 petition); *City of Santee* v.

22  *Superior Court (J.M.R. Co.)*, 228 Cal.App.3d 713, 719 (1991) ("By failing to timely petition for

23  administrative mandamus to invalidate the conditions imposed upon the development . . . J.M.R.

24  is now estopped from litigating under any theory the validity of these conditions.").

25       Accordingly, the **sole** remedy that was available to Sheikh to challenge the decision

26  denying her a license to practice medicine in California was a § 1094.5 writ petition.  Any claim

27  other than or in addition to such an administrative mandamus petition is improper.  She failed to

28  ///

1  timely file such a petition.  Sheikh's causes of action must be dismissed pursuant to Fed. R. Civ.

2  P. 12(b).

3  **IV.    PLAINTIFF'S CLAIMS UNDER SECTION 1981 AND SECTION 1983 ARE BARRED BASED ON RES JUDICATA.**

4

5        Except for the claim that Bus. & Prof. Code § 2335 is unconstitutional, which must be

6  dismissed for the reasons stated in Section I, above, Sheikh's claims under section 1983 and

7  under section 1981—to the extent she means to bring any claims under section 1981[7]—are barred

8  by res judicata based on the Board's adoption of ALJ Sarli's proposed decision on November 25,

9  2009, denying her application for a California physician's and surgeon's certificate.  (See Req. for

10  Judicial Notice, Ex. 2, Medical Board decision, p. 1.)  It is well established under California and

11  federal law that the doctrine of res judicata operates to bar any litigation arising out of the same

12  subject matter of a prior action as between the same parties or parties in privity with them.  *Migra*

13  v. *Warren City School Dist. Board of Ed.*, 465 U.S. 75, 84-85 (1984); *Gates* v. *Super. Ct.*, 178

14  Cal. App. 3d 301, 308 (1986).  Under res judicata, a final judgment on the merits of an action

15  precludes the parties or their privies from relitigating issues that were or ***could have been raised***

16  in that action.  *Migra*, 465 U.S. at 84-85; *Kremer* v. *Chemical Constr. Corp.*, 456 U.S. 461, 467 at

17  fn. 6 (1982); *Takahashi* v. *Board of Ed. of Livingston, Union School District*, 202 Cal. App. 3d

18  1464, 1481 (1988) ("It is axiomatic that a final judgment on the merits serves as a bar not only to

19  the issue litigated but to those that could have been litigated at the same time.").

20

21        [7] To show a violation of § 1981, "the plaintiff first must establish a prima facie case of
discrimination by coming forward with evidence that an employer considered [a protected status]
in its employment decisions."  *Doe* v. *Kamehameha Schools/Bernice Pauahi Bishop Estate*, 470

22  F.3d 827, 837 (2006).  Section 1981 "can be violated only by purposeful discrimination."
*General Bldg. Contractors Ass'n, Inc.* v. *Pennsylvania*, 458 U.S. 375, 391 (1982).  *Accord.*

23  *Kamehameha Schools*, 470 F.3d 837.  Sheikh has offered no evidence at all that Defendants
discriminated against her, purposefully or otherwise, nor could she.  The Board's decision was

24  very clearly based on factual findings of dishonesty—the Board found that the evidence was
persuasive that Sheikh had failed to provide a written explanation for a leave of absence from her

25  training program as required in the application instructions and that she did not truthfully answer
two of the questions on the application as charged in the Amended Statement of Issues.  (Req. for

26  Judicial Notice, page 4, Factual Findings 10, 11, and 12.)  Moreover, she did not challenge these
findings as discriminatory by seeking reconsideration from the Board under Cal. Gov. Code §

27  11521 or by seeking court review under Cal. Gov. Code § 11523 and Cal. Code Civ. Proc. §
1094.5.  She cannot do so now.  *Miller* v. *County of Santa Cruz*, 39 F.3d at 1034-1035.

28

1    Res judicata applies to decisions of an administrative agency acting in a judicial capacity in

2    resolving disputed issues of fact properly before it that the parties have had an adequate

3    opportunity to litigate.  *University of Tennessee* v. *Elliott*, 478 U.S. 788, 798-99 (1986) (stating

4    this rule applies to findings by both federal and state agencies acting in quasi-judicial capacities);

5    *United States* v. *Utah Const. & Mining Co*., 384 U.S. 394, 422 (1966); *Astoria Fed. Sav. & Loan*

6    *Ass'n.* v. *Solimino*, 501 U.S. 104, 107 (1991).  The United States Supreme Court has established

7    that in actions brought under sections 1981 and 1983, federal courts must give a state agency's

8    decision resolving disputed issues of fact the same preclusive effect it would be entitled to in the

9    state's courts.  *University of Tennessee* v. *Elliott*, 478 U.S. at 796-97.  A*ccord*, *Wehrli* v. *County*

10   *of Orange*, 175 F.3d 692, 694 (9th Cir. 1999); *Misischia*, 60 F.3d at 629.

11   Under California law, the question of whether to apply res judicata "depends not on the

12   legal theory of label used, but on the 'primary right' sought to be protected in the two actions."

13   *Johnson* v. *American Airlines, Inc.*, 157 Cal. App. 3d 427, 432 (1984).  Because the invasion of

14   one primary right gives rise to a single claim for relief, a plaintiff is required to bring all causes of

15   action and legal theories arising from an injury in one judicial action.  *Id.*; *Mycogen Corp.* v.

16   *Monsanto Co.*, 28 Cal.4th 888, 897 (2002); *Slater* v. *Blackwood*, 15 Cal.3d 791, 795 (1975);

17   *Peiser* v. *Mettler*, 50 Cal.2d 594, 605 (1958); *see also Scoggin* v. *Schrunk*, 522 F.2d 436, 437 (9th

18   Cir. 1975) ("the state judgment on the merits serves not only to bar every claim that was raised in

19   state court but also to preclude the assertion of every legal theory or ground for recovery that

20   might have been raised in support of the granting of the desired relief.").

21   Federal and California cases support the application of res judicata in this case.  For

22   example, in *Takahashi* v. *Board of Ed. of Livingston, Union School District*, the court held that

23   res judicata barred a subsequent court action because it involved the "same primary right"

24   adjudicated in a prior administrative hearing, even though the plaintiff sought relief under

25   different legal theories in the subsequent action.  *Takahashi*, 202 Cal. App. 3d at 1476.  The

26   *Takahashi* court specifically ruled that res judicata applied even though the prior administrative

27   proceeding could not award the same relief the plaintiff sought in the civil action.  *Id*. at 1476-77.

28   ///

14

1   The primary issue raised in the Complaint in this case is the same as what was before the

2   Board at the administrative hearing:  the denial of Sheikh's application for medical license.  (See

3   Req. for Judicial Notice, Ex. 2, Board decision.)  Sheikh chose not to attend the administrative

4   hearing and did not seek judicial review of the Board's decision under Cal. Code Civ. Proc. §

5   1094.5, the exclusive means of obtaining review—she cannot raise issues now that could have

6   been raised then.  As the court stated in *Briggs* v. *City of Rolling Hills Estates*, "There can be no

7   justification for plaintiff's position that she should be permitted to fail to assert at the

8   administrative hearing constitutional and civil rights violations as reasons that made her

9   termination wrongful, fail to prevail on the writ without attempting to urge or to bring before the

10  court those reasons, and then be allowed to recover damages in this consolidated action that

11  resulted from termination of her employment alleged to [be] wrongful based on those same

12  reasons."  40 Cal.App.4th 637, 646 (1997) (internal quotation marks and citation omitted).

13  Similarly, the Ninth Circuit ruled in *Miller* v. *County of Santa Cruz*, that, "[w]hether

14  characterized as the 'issue' of the right to continued employment or as the 'claim' of a civil rights

15  violation, the unreviewed finding of the administrative tribunal precludes further litigation of

16  Miller's contentions."  39 F.3d 1030, 1034-1035 (9th Cir. 1994); *see also Nguyen* v. *University of*

17  *California*, 2007 WL 2993276 (E.D. Cal. 2007) (NO. CIVS061579 FCD KJMPS).  (Unpublished

18  decision available on WestLaw, cited pursuant to L.R. 133(i)(3) And Federal Rule of Appellate

19  Procedure 32.1.)  Sheikh has had her day in court.  She cannot relitigate the Board's decision to

20  deny her application for licensure here.

21   Moreover, the ***policy*** underlying the doctrine of res judicata supports the Court's dismissal

22  of Plaintiff's section 1981 and 1983 claims.  Res judicata promotes the public policies of giving

23  certainty to legal proceedings and final judgments, preventing parties from being unfairly

24  subjected to repetitive litigation, and preserving judicial resources.  *Johnson* v. *Loma Linda*, 24

25  Cal.4th 61, 72 (2000).  The purposes of the doctrine are to prevent parties from splitting their

26  claims and, thereby causing "vexation and expense to the parties and wasted effort and expense in

27  judicial administration" and also to provide notice of potential claims at the earliest opportunity in

28  order to promote notice and mitigation of damages.  *Mycogen Corp*., 28 Cal.4th at 897 (2002);

15

1   *Panos* v. *Great Western Packaging Co.*, 21 Cal.2d 636, 638 (1943); *William* v. *Krumsiek*, 131

2   Cal. App. 2d 411, 414 (1955).

3       In *Johnson* v. *Loma Linda*, the California Supreme Court emphasized that res judicata

4   should be applied to administrative decisions to avoid the cost and vexation of repetitive

5   litigation: "Refusing to give binding effect to the findings of administrative agencies in quasi-

6   judicial proceedings would [. . .] undermine the efficacy of such proceedings, rendering them in

7   many cases little more than rehearsals for litigation." *Johnson* v. *Loma Linda*, 24 Cal.4th at 72-

8   75. Therefore, this Court should find that the Board decision denying Sheikh's application for

9   licensure is entitled to full res judicata effect and consequently bars all claims under sections 1981

10  and 1983 that could have been raised in that action.

11  **V.    EQUITABLE RELIEF IN THIS CASE IS PRECLUDED BY *BURFORD***

12      This Court is also precluded from granting equitable relief in this case by the abstention

13  doctrine stated in *Burford* v. *Sun Oil Co.*, 319 U.S. 315 (1943). *Burford* precludes interference

14  with state judicial or administrative proceedings.

15      Where timely and adequate state-court review is available, a federal court sitting in equity

16  must decline to interfere with the proceedings or orders of state administrative agencies: (1) when

17  there are "difficult questions of state law bearing on policy problems of substantial public import

18  whose importance transcends the result in the case then at bar"; or (2) where the "exercise of

19  federal review of the question in a case and in similar cases would be disruptive of state efforts to

20  establish a coherent policy with respect to a matter of substantial public concern." *New Orleans*

21  *Public Service, Inc.* v. *Council of the City of New Orleans*, 491 U.S. 350, 361 (1989); *accord*,

22  *Tucson* v. *U.S. West Communications, Inc.*, 284 F.3d 1128, 1132 (9th Cir. 2002). "[D]istrict

23  courts may abstain to avoid interfering with complex state administrative processes . . . ."

24  *Tucson*, 284 F.3d at 1133; *accord*, *United States* v. *Morros*, 268 F.3d 695, 705 (9th Cir. 2001).

25  They are advised to do so to avoid the possible "[d]elay, misunderstanding of local law, and

26  needless federal conflict with the State policy [that] are the inevitable product of this double

27  system of review." *Morros*, 268 F.3d at 704 (quoting *Burford*, 319 U.S. at 327; internal quotation

28  marks omitted).

1    In this instance, Sheikh has already taken part in a state administrative process.  Under state

2    law, as described above, her exclusive means of review of the administrative process is through a

3    petition for writ of administrative mandate to the California Superior Court under California Bus.

4    & Prof. Code § 1094.5.  California has a comprehensive and complicated administrative process

5    for regulation and/or discipline of professional licenses such as the one sought by Plaintiff and for

6    review of that administrative process.  While the state may not have "concentrated suits involving

7    the local issue in a particular court" as required under this Court's interpretation of *Burford*

8    (*Morros*; *Tucson*; *Tucker* v. *First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir.

9    1991)), it has done the equivalent by providing an exclusive statutory means of review.

10    Yet Sheikh asks, after the completion of the administrative process to decide whether to

11    issue her a license to practice medicine in California, that this Court interfere with the state-

12    designated process and interpose its judgment into the process.  Any such relief authored by this

13    Court would undoubtedly "be disruptive of state efforts to establish a coherent policy with respect

14    to a matter of substantial public concern" and is therefore an inappropriate remedy for a federal

15    court sitting in equity.  "The purpose of *Burford* abstention is to avoid federal intrusion into

16    matters which are largely of local concern and which are within the special competence of local

17    courts."  *Int'l Brotherhood of Electrical Workers, Local Union No. 1245* v. *Public Service*

18    *Commission*, 614 F.2d 206, 212 n.1 (9th Cir. 1980).  The regulation of physicians is just such an

19    area of "local concern."  Accordingly, abstention under *Burford* is proper, and dismissal is thus

20    required under Rule 12(b)(1) and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See*

21    *Knudsen Corp.* v. *Nevada State Dairy Commission*, 676 F.2d 374, 376 (9th Cir. 1982) ("*Burford*

22    abstention normally requires dismissal of the federal action"); s*ee also*, *Tucker* v. *First Maryland*

23    *Sav. & Loan, Inc.*, 942 F.2d at 1405.

24    **VI.    THE BOARD HAS ELEVENTH AMENDMENT IMMUNITY TO SUIT**

25    Finally, Sheikh may not obtain relief in federal court against the State or the Board because

26    of the immunity from suit accorded to them by the Eleventh Amendment.

27    "The Judicial power of the United States shall not be construed to extend to any suit in law

28    or equity, commenced or prosecuted against any one of the United States by Citizens of another

17

1  State or Citizens of any Foreign State."[8]  U.S. Const. amend. XI.  Eleventh Amendment immunity

2  is "a fundamental constitutional protection" designed "to prevent the indignity of subjecting a

3  State to the coercive process of judicial tribunals at the instance of parties."  *Puerto Rico*

4  *Aqueduct & Sewer Authority* v. *Metcalf & Eddy*, 506 U.S. 139, 145-146 (1993).  The rule of

5  sovereign immunity applies to an arm, alter ego, or entity of the state as it would apply to the state

6  itself.  *Id.* at 147.  The Medical Board is an entity of the State of California.  See Cal. Bus. & Prof.

7  Code §§ 100 and 101; *Hason* v. *Medical Board of California*, 279 F.3d 1167, 1170 (9th Cir.

8  2002) (assuming Medical Board of California enjoys Eleventh Amendment immunity).  The

9  Eleventh Amendment "proscribes suit [in federal court] against state agencies regardless of the

10  nature of the relief sought."  *Mitchell* v. *Los Angeles, Community College Dist.*, 861 F.2d 198,

11  201 (9th Cir. 1988) (citing *Pennhurst State School & Hosp.* v. *Halderman*, 465 U.S. 89, 100

12  (1984)); *see also NAACP* v. *State of Cal.*, 511 F.Supp. 1244, 1249-51 (E.D. Cal. 1981), aff'd 711

13  F.2d 121 (9th Cir. 1983); *Wood* v. *Sergeant*, 694 F.2d 1159, 1161 (9th Cir. 1982).

14      The Medical Board is therefore afforded the same protection under the Eleventh

15  Amendment as is the State of California itself.  Thus, the Board and its employees acting in

16  official capacities are immune from suit in federal court, in law or in equity, and on any basis,

17  constitutional or otherwise.  *See id.*; *Romano* v. *Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) (the

18  Eleventh Amendment bars claims against officials in official capacities).  Nor has the immunity

19  in this case been waived by state statute or abrogated by any federal law under which Sheikh

20  might sue.  *See Atascadero State Hospital* v. *Scanlon*, 473 U.S. 234, 241 (1985) (holding that

21  state waiver must be express and specify intent to subject state to suit in federal court); *Seminole*

22  *Tribe* v. *Florida*, 517 U.S. 44, 55-60 (1996) (finding that Congress may abrogate Eleventh

23  Amendment immunity only under powers in the Fourteenth Amendment to the U.S.

24  Constitution).

25  ///

26  ───────────────
   [8] "While the Amendment by its terms does not bar suits against a State by its own citizens,
27  [the Supreme] Court has consistently held that an unconsenting State is immune from suits
   brought in federal courts **by her own citizens** as well as by citizens of another State."  *Edelman* v.
28  *Jordan*, 415 U.S. 651, 662-63 (1974) (emphasis added).

1    It is well settled that 42 U.S.C. §§ 1981 and 1983 do not abrogate Eleventh Amendment

2  immunity in suits brought against states or subdivisions.  "Congress, in passing § 1983, had no

3  intention to disturb the States' Eleventh Amendment immunity."  *Will* v. *Michigan Dept. of State*

4  *Police*, 491 U.S. 58, 66 (1989); *accord, Rounds* v. *Oregon State Board of Higher Education*, 166

5  F.3d 1032, 1035 (9th Cir. 1999).  The same principle applies to § 1981 claims against a state and

6  its agencies.  *Pittman* v. *Oregon, Employment Dept.*, 509 F.3d 1065, 1074 (9th Cir. 2007).

7  *Pittman* stated that "we, like all of the courts of appeal that have reached the issue, have

8  concluded that states enjoy sovereign immunity under § 1981 in the absence of waiver.  *Mitchell*

9  v. *Los Angeles Cmty. Coll. Dist*., 861 F.2d 198, 201 (9th Cir.1988) ('[T]he district is a state entity

10  that possesses eleventh amendment immunity from the appellants' section 1981, 1983, and 1985

11  claims.'); see also *Singletary* v. *Missouri Dep't of Corr*., 423 F.3d 886, 890 (8th Cir.2005)

12  (joining 'other circuits [that] have uniformly held that a state is immunized from §1981 liability

13  under the Eleventh Amendment'); *Freeman* v. *Michigan Dep't. of State*, 808 F.2d 1174, 1178 (6th

14  Cir.1987) (Eleventh Amendment prevents relief against a state under § 1981); *Sessions* v. *Rusk*

15  *State Hosp*., 648 F.2d 1066, 1069 (5th Cir.1981) (same)." *Id.* at 1071.

16    The Eleventh Amendment affords an additional ground for dismissal of Sheikh's

17  Complaint, with prejudice, under either or both Rule 12(b)(1) (for a lack of subject matter

18  jurisdiction) and Rule 12(b)(6) (for a failure to state a claim upon which relief can be granted) of

19  the Federal Rules of Civil Procedure.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

19

1

**CONCLUSION**

2
Based on the foregoing, Defendants respectfully seek an order from this Court dismissing

3
the Complaint in this case, with prejudice, pursuant to Rule 12(b)(1) and/or Rule 12(b) (6) of the

4
Federal Rules of Civil Procedure.  Moving Defendants also pray that a judgment in their favor be

5
entered stating that Plaintiff shall take nothing from Defendants or from her Complaint.

6

7
Dated:  March 4, 2010                                    Respectfully Submitted,

8
                                                                     EDMUND G. BROWN JR.
                                                                     Attorney General of California

9
                                                                     JOSE R. GUERRERO
                                                                     Supervising Deputy Attorney General

10

11

12
                                                                     __/S/ Susan K. Meadows_____
                                                                     SUSAN K. MEADOWS

13
                                                                     Deputy Attorney General
                                                                     *Attorneys for Defendants*

14
                                                                     *Medical Board of California and*
                                                                     *State of California*

15

16
SF2010400249
40439217.doc

17

18

19

20

21

22

23

24

25

26

27

28