IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FARZANA SHEIKH, M.D.

    Plaintiff,

  v.                            NO. CIV. S-10-0213 FCD GGH PS

MEDICAL BOARD OF CALIFORNIA, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action seemingly pro se and has paid the filing fee. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1). By order of February 4, 2010, plaintiff's husband was directed to submit his Bar number by February 12, 2010, and attest to his membership in the Bar of this court. Plaintiff's husband has filed no pleading representing that he is an attorney, and pleadings filed since that order clearly indicate that plaintiff's husband is not an attorney. Therefore, according to the remainder of that order, plaintiff's complaint is stricken.[1] Pleadings filed since that order

---

[1] Defendant's motion to strike, filed January 29, 2010, (dkt. # 5), is denied as moot. Plaintiff's opposition to the motion to strike states that plaintiff's husband represented her in administrative proceedings, after obtaining permission to do so by the Administrative Law Judge. Plaintiff is informed that different courts have different procedural rules. As stated in the previous

1

indicate that plaintiff is now willing to represent herself in pro se.[2]

Plaintiff has filed an amended motion for e-filing access, seeking permission to utilize electronic filing. Plaintiff is informed that the local rules of this court provide that "[a]ny person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." E. D. Cal. L. R. 133(b)(2). Requests to use electronic filing may be submitted as written motions setting out an explanation of reasons for the requested exception. E. D. Cal. L. R. 133(b)(3) ("Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception. Points and authorities are not required, and no argument or hearing will normally be held. . . .")

Plaintiff's request states that ECF is her preferred method of document submission, and granting her request will be consistent with the general policy of encouraging electronic submission. Therefore, plaintiff's request will be conditionally granted. Plaintiff is specifically warned that the court will carefully monitor plaintiff's filings to assess their reasonableness. Should the court discern any unreasonably expansive filings, either in number or volume, this order will be vacated. Plaintiff is referred to the local rules regarding deadlines for electronic filing. See E. D. Cal. L. R. 78-230(c).

Accordingly, IT IS ORDERED that:

1. The "petition for writ of review," filed January 27, 2010, (dkt. # 1), construed as a complaint, is stricken.

2. Defendant's motion to strike, filed January 29, 2010 (dkt. #5), is denied as moot.

3. Defendants' request for extension of time to respond to the complaint, filed

---

order, a non-attorney may not represent a party in this court unless he is a licensed by the State of California attorney, and is a member of the Bar of this court. See E.D. Local Rule 180.

[2] Plaintiff's husband continues to note on the pleadings that he has "prepared" them.

February 12, 2010, (dkt. # 9), is denied as moot.

        4.  Plaintiff's amended motion for e-filing access, filed February 17, 2010, (dkt. # 15), is conditionally granted.  Plaintiff is directed to contact the Clerk's Office, Jeremy Donati, at (916) 930-4053, to provide information necessary to set up a user account.

DATED: March 18, 2010

        /s/ Gregory G. Hollows

        GREGORY G. HOLLOWS
        U.S. MAGISTRATE JUDGE

GGH:076
Sheikh0213.ord.wpd