

**FILED**

MAR 1 9 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

FARZANA SHEIKH, M.D., In Pro Per
P.O. Box 869
French Camp, CA 95231
Telephone:    (209) 982 9039
Facsimile:    (209) 468 6392

Prepared by;
REHAN SHEIKH, Engineer
(former employee; Cisco Systems Inc.)
rehansheikh@yahoo.com

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISION)

| | |
|---|---|
| FARZANA SHEIKH, M.D.<br>Plaintiff,<br><br>v.<br><br>MEDICAL BOARD OF CALIFORNIA<br>Defendant<br><br>COUNTY OF SAN JOAQUIN<br>A party of interest<br><br>SETON HEALTHCARE (AUSTIN TEXAS)<br>A party of interest | **CASE: 2:10-CV-00213 – FCD - GGH**<br><br>**PLAINTIFF'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**COMPELLING DEFENDANT'S COMPLIANCE WITH THE STATE ADMINISTRATIVE LAW JUDGE'S ORDERS**<br><br>**DATE:    APRIL 23, 2010**<br><br>**TIME:    10:00 AM**<br><br>**JUDGE:  HON. FRANK C. DAMRELL** |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FARZANA SHEIKH, M.D., In Pro Per
P.O. Box 869
French Camp, CA 95231
Telephone:    (209) 982 9039
Facsimile:    (209) 468 6392

Prepared by;
REHAN SHEIKH, Engineer
(former employee; Cisco Systems Inc.)
rehansheikh@yahoo.com

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISION)

| | |
|---|---|
| FARZANA SHEIKH, M.D.<br>Plaintiff,<br><br>v.<br><br>MEDICAL BOARD OF CALIFORNIA<br>Defendant<br><br>COUNTY OF SAN JOAQUIN<br>A party of interest<br><br>SETON HEALTHCARE (AUSTIN TEXAS)<br>A party of interest | **CASE: 2:10-CV-00213 – FCD - GGH**<br><br>**PLAINTIFF'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**COMPELLING DEFENDANT'S COMPLIANCE WITH THE STATE ADMINISTRATIVE LAW JUDGE'S ORDERS**<br><br>**DATE:    APRIL 23, 2010**<br><br>**TIME:    10:00 AM**<br><br>**JUDGE: HON. FRANK C. DAMRELL** |

# TABLE OF CONTENTS

I.   FEDERAL COURT HAS JURISDICTION ............................................................................. 1

II.   FACTUAL BACKGROUND ........................................................................................ 2
  A.   DISCOVERY ORDER / SUBPOENA FORM – I ................................................. 3
  B.   DISCOVERY ORDER / SUBPOENA FORM – II ................................................ 3
  C.   DISCOVERY ORDER / SUBPOENA FORM – III .............................................. 3
  D.   DISCOVERY ORDER / SUBPOENA FORM – IV .............................................. 3
  E.   BRIEF DISCUSSION ON DISCOVERY ORDER/SUBPOENA FORM ........................... 3
  F.   THE DEFENDANTS ACCUSED THE ADMINISTRATIVE LAW JUDGE OF PREJUDICE FOR SIGNING THE DISCOVERY ORDER .............................................................. 4
  G.   APPROPRIATE PROCEDURE WAS TO SEEK A JUDICIAL REVIEW WITHIN APPROPRIATE NUMBER OF DAYS IF DEFENDANTS BELIEVED THE JUDGE ERRED IN ISSUING THE ORDER ............................................................................................. 4
  H.   THE BOARD HAS NOT COMPLIED WITH PLAINTIFF'S REQUEST FOR DUE DILLIGENCE .......................................................................................................... 5
  I.   PLAINTIFF HAD SUBMITTD PETITIONS FOR WRIT OF REVIEW WITH THE STATE COURTS ................................................................................................................ 5

III.   LEGAL ARGUMENTS: ................................................................................................ 6
  A.   JUDICIAL POLICY AND RELEVANCY TO PLAINTIFF ELIGIBILITY TO BE LICENSED REQUIRES COMPLETE DISCLOSURE .................................................... 6
  B.   THE COURTS HAVE ALLOWED APPROPRIATE DISCOVERY WITHOUT REGARD TO PRIVILEGES IN MATTERS INVOLVING VIOLATION OF TITLE VII ........................... 7
  C.   COMPARATIVE APPLICATION FORMS FOR LICENSE ARE DIRECTLY RELEVANT TO DEFENDANT'S POLICY AND PLAINTIFF'S ELIGIBLITY FOR LICENSE 7
  D.   A PROSECUTOR HAS A CONSTITUTIONAL DUTY TO DISCLOSE EXCULPATORY EVIDENCE ................................................................................. 9

IV.   REQUEST FOR EXAMPLARY SANCTIONS AGAINST DEFENDANT FOR NON-COMPLIANCE WITH JUDGE'S DISCOVERY ORDER ........................................................ 11
  A.   PREVENTION OF PERJURED TESTIMONY AGAINST PHYSICIAN IS NECESSARY FOR INTEGRITY OF LICENSING PROCESS OF STATE ..................................... 11
  B.   PREVENTION OF POTENTIAL MALICIOUS PROSECUTION IS UTMOST CRITICAL .............................................................................................................. 11
  C.   INTEGRITY OF STATE JUDICIAL SYSTEM IS AT STAKE ........................................ 12

1

2

3

4

# **TABLE OF AUTHORITIES**

5

## **CASES**

6 Mack v. South Bay Beer Distributors, Inc
    798 F.2d 1279 (9th Cir 1986) ...................................................................................... 2

7 Brady v. Maryland
    373 U.S. 83 (1963) ......................................................................................................... 9

8 Colonial Life and Ace Ins. Co. Superior Court,
    183 Cal.Rptr.810 (1982) ............................................................................................ 6

9 Davies y. Superior Court,
    36 Cal.3d 291, 299, 204 Cal. Rptr. 154, 159 (1984). ........................................ 6

Garrett v. City and County of San Francisco
    818 F.2d 1515 (9th Cir. 1987) .................................................................................. 8

Greyhound Corp. v. Superior Court,
    56 Cal.2d 355, 15 Cal. Rptr. 90 (1961) ................................................................. 6

Laddon v. Superior Court,
    167 Cal.App.2d 391 334 P.2d 638 (1959) ............................................................ 6

Lynn v. Regents of University of California
    656 F.2d 1337, 1341 (9th Cir. 1991) ....................................................................... 8

Mattice v Memorial Hospital of South Bend,
    203 F.R.D. 381 (N.D. IN 2001) ................................................................................. 7

Napue v. Illinois
    360 U.S. 264 (1959) ...................................................................................................... 9

Pettie v. Superior Court,
    178 Cal.App.2d 680, 687, 3 Cal.Rptr. 267 (1960) .......................................... 6

Smith v. Superior Court,
    189 Cal.2d 6, 11 Cal.Rptr. 165 (1961) ................................................................. 6

United States v. Agurs,
    427 U.S. 97, 112 (1976) .............................................................................................. 10

United States v. Bagley,
    473 U.S. 667, 678 (1985) ............................................................................................ 10

United States v. Utah Construction & Mining Co.,
    384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966) ................. 2

University of Pennsylvania v. EEOC,
    493 U.S. 182, 200 L.Ed. 571, 1 10 S.Ct. 577 (1991) ......................................... 9

26

27

28

**STATUTES**

28 U.S.C. § 1738.............................................................................................................. 1

42. U.S.C. § 1981.............................................................................................................. 2

42. U.S.C. § 1983.............................................................................................................. 2

CCP §1094.5..................................................................................................................... 1

**OTHER AUTHORITIES**

Presumed Innocent? Restrictions on Criminal Discovery in Federal Court Belie This
Presumption
    43 Rutgers L. Rev. 1089 (1991).................................................................................. 7

The University of Memphis Law Review
    Winter 1994; 25 U. Mem. L. Rev. 735...................................................................... 10

Plaintiff Farzana Sheikh[1], M.D. hereby respectfully comes before the Court and submits this motion compelling defendant's compliance with the Discovery orders signed by an Administrative Law Judge.

Plaintiff requested the defendants, in compliance with the Court's instructions, to mutually discuss the matter, however, the defendants did not agree.

## I.  FEDERAL COURT HAS JURISDICTION

A federal Court is an appropriate Court to grant hearing on plaintiff's petition considering several important factors, including but not limited to the following:

1. A federal Court has Supplemental Jurisdiction to hear plaintiff's Petition pursuant to CCP §1094.5.

2. A federal Court has Diversity Jurisdiction to hear the petition because of **Interstate parties**. One of the parties that have denied compliance with the State Court order is located in Austin Texas. Federal Court is an appropriate venue.

3. A federal Court has jurisdiction to hear plaintiff's Petition as the defendants (State of California and Medical Board of California) have denied compliance with State Judge's orders. Further, the attorneys licensed with the State Bar of California, working at Law Office of Attorney General, have advised its clients not to comply with State Judge's Order. The Attorney General, in its official capacity, is also head of California Department of Justice.

4. Federal Court has jurisdiction to hear plaintiff's petition as State Courts have not agreed to grant merit hearing to plaintiff on multiple occasions.

5. Federal Court is requested to exercise its jurisdiction as there is no relief available to plaintiff in the State Courts.

6. Federal Court has jurisdiction as 28 U.S.C. § 1738 does not require federal courts to apply preclusive effect to a state agency determination that has not been judicially reviewed. The federal Court can exercise its jurisdiction on Plaintiff's Petition.

---

[1] Petitioner Farzana Sheikh, M.D. is hereby referred as Dr. Sheikh.

7.  Federal Court has jurisdiction on plaintiff's petition pursuant to Utah Construction; *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966) (Mack v. South Bay Beer Distributors, Inc 798 F.2d 1279 (9th Cir 1986)).  In the administrative proceedings;

    a.  Plaintiff did not have adequate opportunity to litigate.

    b.  A full and fair opportunity to litigate was not available to plaintiff.

    c.  The administrative board did not address important issues raised by plaintiff.

    d.  The administrative Board lacked jurisdiction to hear important issues and questions of law.

8.  Plaintiff has presented a special defense of violation of her Civil Rights; Plaintiff opposed violation of Title VII of Civil Rights Acts of 1964 and as amended. Plaintiff will submit a copy of her defense presented during the administrative hearings and will request that the Court to take judicial notice of the proceedings. This Court has jurisdiction pursuant to 42. U.S.C. § 1981.

9.  The petition is utmost relevant to plaintiff's vested property rights protected under the Fourteenth amendment of the Constitution of the United States. The Court has jurisdiction pursuant to 42. U.S.C. § 1983.

## II. FACTUAL BACKGROUND

The Medical Board of California denied Dr. Sheikh's application for Physician's license. Dr. Sheikh requested for an Administrative Hearing and the Medical Board initiated a disciplinary proceeding against potential license of Dr. Sheikh. The Medical Board was represented by Office of Attorney General (California). Dr. Sheikh submitted a specific request for discovery dated May 13, 2009 via her husband who was representing her in the Administrative Proceedings. The Board via Office of Attorney General provided limited information but did not agree to fully comply with specific Request for documentation.

The Medical Board accused Dr. Sheikh of Incompetence by alleging concerns on her performance during her first year residency training in Texas without giving any information on the

alleged concerns. Plaintiff cannot present her defense without knowledge of the 'unspecified concerns'. Plaintiff cannot seek an expert to testify whether she has overcome those concerns for lack of knowledge of concerns. This is not clear whether concerns may refer to satisfactory or unsatisfactory performance.

Dr. Sheikh, via her husband/representative, presented the issue before an Administrative Law Judge, Hon. Karen J. Brandt for review. The Hon. Judge determined that the request for documentation was appropriate and signed four separate orders/subpoena forms. The documentation was necessary to determine eligibility of Dr. Sheikh to be licensed with the State.

## A. DISCOVERY ORDER / SUBPOENA FORM – I

First Subpoena form is for the Medical Board to provide a copy of specific documents relevant to Dr. Sheikh's records with the Medical Board (Exhibit A).

## B. DISCOVERY ORDER / SUBPOENA FORM – II

Second Subpoena form is also for the Medical Board to provide a copy of specific application forms that applicants for physician's license had completed with the Board (Exhibit B).

## C. DISCOVERY ORDER / SUBPOENA FORM – III

Third Subpoena form is for the Residency Program that Dr. Sheikh had attended in Stockton California to provide specific documentation (Exhibit C).

## D. DISCOVERY ORDER / SUBPOENA FORM – IV

Fourth Subpoena form is for the Residency Program that Dr. Sheikh had attended in Austin Texas to provide specific documentation (Exhibit D).

## E. BRIEF DISCUSSION ON DISCOVERY ORDER/SUBPOENA FORM

In the above referenced four Discovery Orders/ Subpoena Forms, the Medical Board and the two Residency Program(s) that Dr. Sheikh had attended in Texas and in California; were asked to provide specific documentation to Dr. Sheikh's representative by August 10, 2009.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The subpoena forms were served on the parties and/or their legal representatives as shown on the forms. No party has complied with the judge's order and has not provided any documentation to Dr. Sheikh.

## F. THE DEFENDANTS ACCUSED THE ADMINISTRATIVE LAW JUDGE OF PREJUDICE FOR SIGNING THE DISCOVERY ORDER

As soon as the Office of Attorney General/Medical Board received a copy of subpoena form, the Board via Office of Attorney General sought disqualification of the Judge for prejudice, via a preemptory challenge, without any element of prejudice and without stating any element of prejudice. That Motion for disqualification was submitted by the Office of Attorney General in its official capacity (Exhibit E).

The Administrative Law Judge was relieved without a written order by the Office of Administrative Hearing.

## G. APPROPRIATE PROCEDURE WAS TO SEEK A JUDICIAL REVIEW WITHIN APPROPRIATE NUMBER OF DAYS IF DEFENDANTS BELIEVED THE JUDGE ERRED IN ISSUING THE ORDER

The Administrative Law Judge signed the Discovery Orders/ Subpoena Forms on July 27th 2009. Under the Administrative Procedures Act, the Medical Board could seek a judicial review within 10 days if the Board did not agree with the discovery order. **The Board chose not to seek a Judicial Review and the Discovery Order is final**.

Each subpoena form clearly states the following statement in bold letters:

**Disobedience to this subpoena will be punished as contempt of court in the manner prescribed by law.**

Under the Administrative Procedure Act (APA), plaintiff brought non-compliance of the Medical Board to the attention of assigned Administrative Law Judge in order to seek compliance with the Judge's initial orders and to initiate contempt proceedings. The Administrative Law Judge did not agree to issue a ruling on that matter presented before him.

## H. THE BOARD HAS NOT COMPLIED WITH PLAINTIFF'S REQUEST FOR DUE DILLIGENCE

Dr. Sheikh has reasons to believe that the Residency Program/(s) may have provided incorrect information to the Medical Board resulting in improper denial of her application for license. Despite her multiple requests, the Board has not agreed to do due diligence (Exhibit F).

This is important that the Board provide a copy of documentation/information provided by the Residency Program to Dr. Sheikh so that she can present her defense and respond to allegation of 'concerns' (if any) expressed by the Residency Programs. Dr. Sheikh had opposed inappropriate harassment with the Residency Program and the incorrect information may be result of her complaint for violation of Title VII.

## I. PLAINTIFF HAD SUBMITTD PETITIONS FOR WRIT OF REVIEW WITH THE STATE COURTS

Plaintiff had submitted petitions for Writ of Review with the Superior Court and also with a State Appellate Court on the above but she was not successful in getting a hearing from the Court. Both of her petitions were denied hearing on technical basis.

Plaintiff submitted a hearing with the Superior Court of County of San Joaquin in August 2009. The Attorney General pleaded that Superior Court could not exercise jurisdiction to hear a matter between physicians and Medical Board. Prior to that in June 2009, the Attorney General appeared before the same Court and was successful in securing a disciplinary order against a physician.

Later plaintiff submitted a Petition with the Appellate Court and again the Court did not agree to hear the petition.

Plaintiff requests that the federal Court take notice of Medical Board's non-compliance with the Judge's orders. Plaintiff also requests the Court that it ask the Board and Office of Attorney General to provide an explanation and unless the Court is fully satisfied, initiate contempt proceedings against Defendants.

Plaintiff is seeking an order from this Court that defendants comply with the Administrative Law Judge's Discovery order(s)/Subpoena forms signed by Administrative Law Judge. Dr. Sheikh must be allowed to demonstrate her eligibility to be licensed with the State after she has spent a number of years to complete her Medical Education and Residency Training.

Though the Administrative Law Judge has already considered the request for discovery appropriate, in order to assist this Court, plaintiff submits the following information.

## III.    LEGAL ARGUMENTS:

### A. JUDICIAL POLICY AND RELEVANCY TO PLAINTIFF ELIGIBILITY TO BE LICENSED REQUIRES COMPLETE DISCLOSURE

Well-established judicial policy requires broad construction of the Discovery Act and upholds the right to discovery whenever possible. Greyhound Corp. v. Superior Court, 56 Cal.2d 355, 15 Cal. Rptr. 90 (1961); Davies y. Superior Court, 36 Cal.3d 291, 299, 204 Cal. Rptr. 154, 159 (1984).

Information is relevant if it might reasonably assist a party in evaluating settlement or preparing for trial. Laddon v. Superior Court, 167 Cal.App.2d 391 334 P.2d 638 (1959); Smith v. Superior Court, 189 Cal.2d 6, 11 Cal.Rptr. 165 (1961).

Any doubt as to relevancy is generally resolved in favor of permitting discovery. Colonial Life and Ace Ins. Co. Superior Court, 183 Cal.Rptr.810 (1982). The scope of permissible discovery is broader than and extends beyond the narrower concept of relevance to the precise issues delineated in the pleadings. See Pettie v. Superior Court, 178 Cal.App.2d 680, 687, 3 Cal.Rptr. 267 (1960).

The test for discovery is not admissibility of evidence at trial; rather the test is whether the information sought might reasonably lead to other admissible evidence. Davies, supra, 36 Cal.3d at 301. Plaintiff seeks information directly relevant to proving elements of her case, and directly relevant to disproving possible pretexts.

An argument for broad discovery is that the rationale for limiting criminal discovery actually changes the presumption of innocence to one of guilt. "Presumed Innocent? Restrictions on Criminal Discovery in Federal Court Belie This Presumption"; 43 Rutgers L. Rev. 1089 (1991).

## B. THE COURTS HAVE ALLOWED APPROPRIATE DISCOVERY WITHOUT REGARD TO PRIVILEGES IN MATTERS INVOLVING VIOLATION OF TITLE VII

Dr. Sheikh had opposed inappropriate Harassment and unlawful Discrimination (for violation of Title VII) with her Residency Program in Austin Texas. Dr. Sheikh has reasons to believe that the Residency Program/ Program(s) mislead the Medical Board. Dr. Sheikh had requested the Medical Board to verify the credibility of information that the Board has relied upon for denying her application for license (Exhibit E). However, the Board has not complied with the Request for Due Diligence and continued meritless accusations against Dr. Sheikh.

Mattice v Memorial Hospital of South Bend, 203 F.R.D. 381 (N.D. IN 2001) the Court permitted the physician to proceed with discovery without regard to peer review privileges. Similarly, peer review privileges, if any, are not applicable to requested records.

## C. COMPARATIVE APPLICATION FORMS FOR LICENSE ARE DIRECTLY RELEVANT TO DEFENDANT'S POLICY AND PLAINTIFF'S ELIGIBLITY FOR LICENSE

Dr. Sheikh informed the Medical Board in or around March 2007 that her contract with her residency program was not renewed. However, plaintiff's contract for residency was renewed with her residency program in California until she completed her residency training. In or around September 2007, she completed her application for license with information about both of her residency programs. On the forms she informed the Board that her contract was renewed with one Residency Program and not renewed with the other. By mistake she did a flip flop. The licensing Board impolietly accuses her for dishonesty while the Board has overlooked such miniscule mistakes of applicants for license.

Dr. Sheikh appropriately requested only those application forms that were submitted by physicians where some boxes on the form were not correctly checked (error, incorrect information). Review of those forms may depict the policy of the Board for correlating errors on application form to acts of dishonesty. Plaintiff could appropriately use those forms to demonstrate her eligibility to be licensed with the Board. The Administrative Law Judge correctly advised the Medical Board to provide those forms to Dr. Sheikh.

Plaintiff has a right to establish an element of Discriminatory treatment by seeking application forms for applicant with the Board where the Board has made similar decisions of granting or denying the licenses. Plaintiff is only seeking limited number of application forms where Board had reviewed errors on application forms and made a positive or negative determination. Plaintiff seeks direct evidence that will show disparate treatment in order to demonstrate eligibility of her application for license.

As part of her special defense of discriminatory motive for disciplinary action against plaintiff, Plaintiff offers proof that she was qualified for license, and that others with similar errors on application forms were granted tenure. Lynn v. Regents of University of California. 656 F.2d 1337, 1341 (9th Cir. 1991). The Court noted:

*Throughout the proceedings, Lynn was denied access to her tenure review file. The materials contained in the file were those upon which the tenure review committee claims that it based its denial of tenure, and, as such, are highly relevant to the issues in this case.*

*Thus, Lynn contends that the refusal to disclose the contents of the file violated due process. We agree.*

In Garrett v. City and County of San Francisco, 818 F.2d 1515 (9th Cir. 1987), the Court reversed the ruling of the lower Court that dismissed the claim without permission for discovery of comparative information. The Court allowed the plaintiff to proceed with discovery of comparatives.

Dr. Sheikh is similarly entitled to comparative information as requested in subpoena form II, to exclude elements of discrimination and retaliation against her.

Federal courts have routinely ordered disclosure of confidential peer review materials, expressing that deference to a university's claim of confidentiality would subvert enforcement of the policy against discrimination which is of the "highest priority." University of Pennsylvania v. EEOC, 493 U.S. 182, 200 L.Ed. 571, 1 10 S.Ct. 577 (1991).

## D. A PROSECUTOR HAS A CONSTITUTIONAL DUTY TO DISCLOSE EXCULPATORY EVIDENCE

The constitutional duty to disclose exculpatory information was first established in Brady v. Maryland 373 U.S. 83 (1963). The Court in Brady reasoned that finding a constitutional duty to disclose exculpatory evidence is "an extension" of the line of Supreme Court cases finding a due process violation when the prosecutor allows perjured testimony into evidence.

When material evidence is not disclosed by the prosecutor despite a specific request, the prosecutor maintains such control or influence over the outcome of the trial that the judicial system becomes unfair and violates due process. The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment.

In Napue v. Illinois 360 U.S. 264 (1959).the prosecution's principal witness, responding to the prosecutor's question, testified that he had received no promise of consideration from the prosecution in return for his testimony in the murder trial. In fact, the witness was promised consideration by the prosecuting attorney. The Illinois Supreme Court affirmed the defendant's conviction, finding that the jury had heard evidence from which it could have found that the witness had an interest in testifying against the defendant. The witness had testified that a public defender "was going to do what he could" and "was going to get something did sic for him." The United States Supreme Court reversed the Illinois Supreme Court's conclusion, reiterating that **the knowing**

use of false evidence and the failure to correct unsolicited false evidence by the prosecution in order to obtain a conviction **violates the Due Process Clause of the Fourteenth Amendment**.

The prosecution of Dr. Sheikh by the State in the name of Medical Board falls under the same category:

1. The Office of Attorney General represented the Medical Board in its official capacity similar to prosecutor role.

2. The prosecution was for denial of application for physician's license; a vested property interest protected under the fourteenth amendment.

The Supreme Court determined that if a constitutional duty to disclose existed at all, absent a specific request, it existed because of the "obviously exculpatory character" of the evidence which is "so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce." Such evidence would therefore create a duty to disclose when either no request or a general request is made.

Professor Rosen believes that there is no effective deterrent for Brady-type misconduct, **citing infrequent disciplinary charges and inadequate sanctions**. The Prosecutor's Constitutional Duty to Disclose Exculpatory Evidence; The University of Memphis Law Review (Winter 1994; 25 U. Mem. L. Rev. 735).

The constitutional duty to disclose exculpatory evidence is distinct and co-exists with these procedural rules of discovery. The constitutional duty to disclose reflects the overriding concern (due process) with the justice of the finding of guilt." United States v. Bagley, 473 U.S. 667, 678 (1985) (quoting United States v. Agurs, 427 U.S. 97, 112 (1976)). A violation of these statutory and procedural requirements for disclosure requires a separate analysis. United States v. Bagley, 473 U.S. 667, 673 (1985).

**IV.   REQUEST FOR EXAMPLARY SANCTIONS AGAINST DEFENDANT FOR NON-COMPLIANCE WITH JUDGE'S DISCOVERY ORDER**

Dr. Sheikh's Motion for Sanctions is distinctly different from an ordinarily Discovery 'tussle' between the parties rather it demands extraordinarily careful consideration because of the following issues:

**A. PREVENTION OF PERJURED TESTIMONY AGAINST PHYSICIAN IS NECESSARY FOR INTEGRITY OF LICENSING PROCESS OF STATE**

Dr. Sheikh believes that the Residency Program in Austin Texas provided incorrect and/or misleading information resulting in denial of her application for license with the Medical Board of California. Dr. Sheikh repeatedly requested the Medical Board to rely on good information and to do its due diligence, however, the Medical Board and its counsel did not agree to comply with the Judge's orders.

The Medical Board of California is assumed to be a credible body doing due diligence and not neglecting Constitutional rights of physicians. The perjured testimony logically recognized the unfairness of government conduct (Exhibit F). The prosecutor was clearly acting in bad faith or out of sheer disregard for plaintiff's right for appropriate discovery.

**B. PREVENTION OF POTENTIAL MALICIOUS PROSECUTION IS UTMOST CRITICAL**

Dr. Sheikh repeatedly requested the Board to rely on good information provide appropriate documentation to Dr. Sheikh so that she can present exculpatory evidence. However, neither the Board nor its legal counsel complied with the request and continued meritless prosecution of plaintiff. Unless the State Medical Board is held accountable, there is utmost risk of malicious prosecution of physicians, negligent or intentional.

This Court must take notice that the Medical Board of California is an institution of the State tasked to license physicians. Medical Board of California licenses more than 125,000 physicians out of approximately one million physicians licensed in the United States.

1

2

3

4

5

6

Secondly, license is a vested property of physicians that is earned after hard work of more than ten years and after spending a sum of hundreds of thousands dollars. No State can be allowed for not protecting physician's constitutional rights and/or potential violation of fourteenth amendment of the Constitution.

7

8

9

10

Given the situation above, there is a risk of malicious prosecution of physicians cannot be mitigated unless the State Medical Board are 'visibly encouraged' by the Court to comply with their Constitutional duty of appropriate discovery. The federal Court can do that by imposing sanctions and holding defendants in contempt as it may deem appropriate.

11

## C. INTEGRITY OF STATE JUDICIAL SYSTEM IS AT STAKE

12

13

14

15

16

17

18

There is little, if any, justification for improperly denying discovery orders of a State Judges and improperly depriving a potential licensee of a physician's license. Such a conduct warrants a careful consideration by this Court. There was a clear duty of all the institutions of the State to comply with the Judge's Discovery orders. This is a responsibility of all learned legal professionals to execute the Judgment/opinion of the Judges and if appropriate, seek reconsideration. Unless the orders of the State Judges are agreed by the State according to the rules, the credibility of its judicial system cannot be fully ascertained.

19

20

21

The exact amount of sanctions is to be determined by this Court. In an unrelated litigation between private technology corporations, when a party failed to provide appropriate discovery, the Court held the party responsible for sanctions upwards of $8 million dollars.

22

23

24

25

The State Medical Board has a revenue stream upwards of $60 million a year. Over 75% of that revenue is directly paid to the Office of Attorney General to 'execute' disciplinary actions against physicians. All of that compensation to the Attorney General is in addition to its salary for providing private legal services to Medical Board of California.

26

27

28

In the process of representing Medical Board of California, the Office of Attorney General has refused to perform its official duty by denying an investigation against Medical Board for the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

willful disregard of plaintiff's Constitutional Rights. The requests for investigation to Attorney General were submitted directly by plaintiff and indirectly by a State's assembly member. The Attorney General refused investigation citing Medical Board is a **'client agency'**.

Plaintiff requests the Court to impose exemplary sanctions both on the Medical Board and the Office of attorney General. The Office of Attorney General has a significant financial stake for its representation of State Board(s), including Medical Board of California, working under Department of Consumer Affairs. Therefore, this is utmost important that the Court consider an appropriate sum for sanctions so that it may serve an effective deterrent to prevent any Constitutional violation by any State Medical Board.

Respectfully Submitted by;

Date:    March 19, 2010

Farzana Sheikh, M.D.

## CERTIFICATE OF SERVICE

I declare that:
I am, at the time of service of the papers, a resident of the state of California and over the age of eighteen years: my mailing address is PO Box 869, French Camp California. I served the following document (s):

## Motion for Compliance with State's Administrative Law Judge's Orders

[   ] BY MAIL: (CCP 1013 and 1013a)

[ x ] By placing the documents(s) listed above for **USPS MAIL** delivery in a sealed envelope, addressed as set forth below, and placing the envelope with the United States Postal Service for collection and delivery to :

Office of County Counsel
222 E Weber Ave # 711
Stockton CA 95202

Director, Family Medicine Residency Program
1313 Red River Street
Austin Texas 78701

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on March 19, 2010 at French Camp California:

_____
Rehan Sheikh

EXHIBIT A

# BEFORE THE
# OFFICE OF ADMINISTRATIVE HEARINGS



In the Matter of:
**Medical Board of California**
v.
**Farzana Sheikh, M.D.**

Agency / Agency Case No. 20-2009-196933

OAH No. 2009050926

☐ **SUBPOENA:** *Requesting Testimony*     ☒ **SUBPOENA DUCES TECUM:** *Requesting the Production of Records or Things*

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA**<br>**SEND GREETINGS TO:** | *(name and address of person being subpoenaed)*<br>Barbara Johnston<br>Executive Director, Medical Board of California<br>2005 Evergreen Street Suite 1200<br>Sacramento California |
| 1. At the request of ☒ Petitioner   ☐ Respondent<br><br>*(party name)* _Farzana Sheikh, M.D. | *(name, address and telephone number of contact person)*<br>Susan Meadows, Esq.<br>Deputy attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004 |

2. **You are hereby commanded, business and excuses being set aside, to appear as a witness on:**

*(date)* _August 9, 2009_____, at *(time)* __10:00 AM_____, and then and there to testify at: *(location)*

☐ OAH, 2349 Gateway Oaks Drive, Suite 200, Sacramento CA 95833     ☐ OAH, 320 West Fourth Street, Room 630, Los Angeles CA 90013

☐ OAH, 1515 Clay Street, Suite 206, Oakland CA 94612     ☐ OAH, 1350 Front Street, Room 6022, San Diego CA 92101

☐ Other:_

☐ 3. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose your original declaration with the records. Seal them. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number, your name and date, time, and place from item 2 (the box above). (3) Place this first envelope in an outer envelope, seal it, and mail it to the Office of Administrative Hearings at the address checked in item 2. (4) Mail a copy of your declaration to the attorney or party shown in item 1.

☒ 4. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code section 1561.
By _August 9, 2009_____ *(date)*, **send the records to:**
Rehan Sheikh PO box 869 French Camp CA 95231

*NOTE: This manner of production may not satisfy the requirements of Evidence Code section 1561 for admission at hearing.*

☐ 5. You are ordered to appear in person and to produce the records described in the accompanying affidavit. The personal appearance of the custodian or other qualified witness and the production of the original records is required by this subpoena. The procedure authorized by subdivision (b) of section 1560, and sections 1561 and 1562 of the Evidence Code will not be deemed sufficient compliance by this subpoena.

6. **Disobedience to this subpoena will be punished as contempt of court in the manner prescribed by law.**

7. **Witness Fees:** Upon service of this subpoena, you are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you so request. You may request them before your scheduled appearance from the person named in item 1. *See Government Code sections 11450.05, 11450.50, 68092.5-68093, and 68096.1-68097.10.*

8. **IF YOU HAVE ANY QUESTIONS ABOUT WITNESS FEES OR THE TIME OR DATE YOU ARE TO APPEAR, OR TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED ON THE DATE AND TIME SPECIFIED ABOVE, CONTACT THE PERSON REQUESTING THIS SUBPOENA, LISTED IN ITEM 1 ABOVE, BEFORE THE DATE LISTED IN ITEM 2 ABOVE.**

*(Date Issued)* 7/27/09 _____     *(Signature of Authorizing Official)* _____

*(Printed Name)* Karen J. Brandt     *(Title)* Administrative Law Judge

OAH-1 (Rev. 10/06)

# DECLARATION FOR SUBPOENA DUCES TECUM

*(Any party issuing a subpoena for production of books and/or records must complete this section.)*

The undersigned states that the books, papers, documents and/or other things named below and requested by this subpoena are material to the proper presentation of this case, and good cause exists for their production by reason of the following facts:

Plaintiff is requesting all records regarding Dr. Sheikh including but not limited to documentation, correspondence, meeting minutes, notes, call logs, audio or visual records or presentation, Investigations, expert reports, sub-rosa records or any other information of any nature. The documents include any such records with any Residency Program, Hospital, Institution, Board, entity or person.

The records are needed in order to determine eligibility of Dr. Sheikh to be licensed with the Medical Board of California.

*(Use additional pages, if necessary, and attach them to this subpoena.)*

Executed ____July 22, 2009_____, at French Camp _, California.

**I declare under penalty of perjury that the foregoing is true and correct.**

_____
*(Signature of Declarant)*

## METHOD OF DELIVERY of this subpoena:

☐ **Personal Service** – In accordance with Code of Civil Procedure sections 1987 and 1988, delivery was effected by showing the original and delivering a true copy thereof personally to:

☐ **Messenger Service** – In accordance with Government Code section 11450.20, an acknowledgement of the receipt of this subpoena was obtained by the sender after it was delivered by messenger to:

☐ **Certified Mail, Return Receipt Requested** – I sent a true copy of this subpoena via certified mail, return receipt requested to: *(name and address of person)*

____Susan Meadown, Esq. (DAG) _____

____455 Golden Gate Ave, Suite 110000_____

____San Francisco California 94102-7004-_____

at the hour of _____ m., on _July_____ _____, 2_____,

City of _French Camp _____, State of California _____.

_____
*(Signature of Declarant)*

# EXHIBIT B

BEFORE THE
**OFFICE OF ADMINISTRATIVE HEARINGS**



In the Matter of:
**Medical Board of California**
v.
**Farzana Sheikh, M.D.**

Agency / Agency Case No. 20-2009-196933

OAH No. 2009050926

☐ **SUBPOENA:** *Requesting Testimony*   ☒ **SUBPOENA DUCES TECUM:** *Requesting the Production of Records or Things*

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA**<br>**SEND GREETINGS TO:** | *(name and address of person being subpoenaed)*<br>Barbara Johnston<br>Executive Director, Medical Board of California<br>2005 Evergreen Street Suite 1200<br>Sacramento California |
| 1. At the request of ☒ Petitioner   ☐ Respondent<br><br>*(party name)* Farzana Sheikh, M.D. | *(name, address and telephone number of contact person)*<br>Susan Meadows, Esq.<br>Deputy attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004 |

2. **You are hereby commanded, business and excuses being set aside, to appear as a witness on:**

*(date)* __August 9, 2009_____, at *(time)* __10:00 AM_____, and then and there to testify at: *(location)*

☐ OAH, 2349 Gateway Oaks Drive, Suite 200, Sacramento CA 95833      ☐ OAH, 320 West Fourth Street, Room 630, Los Angeles CA 90013

☐ OAH, 1515 Clay Street, Suite 206, Oakland CA 94612      ☐ OAH, 1350 Front Street, Room 6022, San Diego CA 92101

☐ Other:_

☐ 3. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose your original declaration with the records. Seal them. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number, your name and date, time, and place from item 2 (the box above). (3) Place this first envelope in an outer envelope, seal it, and mail it to the Office of Administrative Hearings at the address checked in item 2. (4) Mail a copy of your declaration to the attorney or party shown in item 1.

☒ 4. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code section 1561.
By _August 9, 2009_____ *(date)*, **send the records to:**
Rehan Sheikh PO box 869 French Camp CA 95231

*NOTE: This manner of production may not satisfy the requirements of Evidence Code section 1561 for admission at hearing.*

☐ 5. You are ordered to appear in person and to produce the records described in the accompanying affidavit. The personal appearance of the custodian or other qualified witness and the production of the original records is required by this subpoena. The procedure authorized by subdivision (b) of section 1560, and sections 1561 and 1562 of the Evidence Code will not be deemed sufficient compliance by this subpoena.

6. **Disobedience to this subpoena will be punished as contempt of court in the manner prescribed by law.**

7. **Witness Fees:** Upon service of this subpoena, you are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you so request. You may request them before your scheduled appearance from the person named in item 1. *See Government Code sections 11450.05, 11450.50, 68092.5-68093, and 68096.1-68097.10.*

8. **IF YOU HAVE ANY QUESTIONS ABOUT WITNESS FEES OR THE TIME OR DATE YOU ARE TO APPEAR, OR TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED ON THE DATE AND TIME SPECIFIED ABOVE, CONTACT THE PERSON REQUESTING THIS SUBPOENA, LISTED IN ITEM 1 ABOVE, BEFORE THE DATE LISTED IN ITEM 2 ABOVE.**

*(Date Issued)* 7/27/09      *(Signature of Authorizing Official)* _____

*(Printed Name)* Karen J. Brandt   *(Title)* Administration Law Judge

OAH-1 (Rev. 10/06)

# DECLARATION FOR SUBPOENA DUCES TECUM

*(Any party issuing a subpoena for production of books and/or records must complete this section.)*

The undersigned states that the books, papers, documents and/or other things named below and requested by this subpoena are material to the proper presentation of this case, and good cause exists for their production by reason of the following facts:

Plaintiff is requesting a list of all physicians who have made any errors, omissions, mistakes of any nature intentionally or otherwise (complete or otherwise), on any forms or information submitted with or available to Medical Board of California. The list will include date of submission of the information with the Medical Board, date of submission of any supplementary explanation  and whether the Medical Board took favorable or  unfavorable decision or did not make any determination.

The list is requested for the time period;

Jan 1, 1989 to Dec 31, 2000  and

Jan 1, 2000 to June 30, 2009

The records are needed in order to determine eligibility of Dr. Sheikh to be licensed with the Medical Board of California.

*(Use additional pages, if necessary, and attach them to this subpoena.)*

Executed ___July 22, 2009_____, at French Camp _, California.

**I declare under penalty of perjury that the foregoing is true and correct.**

_____
*(Signature of Declarant)*

## METHOD OF DELIVERY of this subpoena:

☐ **Personal Service** – In accordance with Code of Civil Procedure sections 1987 and 1988, delivery was effected by showing the original and delivering a true copy thereof personally to:

☐ **Messenger Service** – In accordance with Government Code section 11450.20, an acknowledgement of the receipt of this subpoena was obtained by the sender after it was delivered by messenger to:

☐ **Certified Mail, Return Receipt Requested** – I sent a true copy of this subpoena via certified mail, return receipt requested to: *(name and address of person)*

__Susan Meadown, Esq. (DAG) _____

__455 Golden Gate Ave, Suite 110000_____

__San Francisco California 94102-7004-_____

at the hour of _____ m., on _July_____, 2_____,

City of _French Camp _____, State of California _____.

_____
*(Signature of Declarant)*

EXHIBIT C

**OFFICE OF ADMINISTRATIVE HEARINGS**



| In the Matter of:<br>**Medical Board of California**<br>v.<br>**Farzana Sheikh, M.D.** | Agency / Agency Case No. 20-2009-196933<br><br>OAH No. 2009050926 |

☐ **SUBPOENA:** *Requesting Testimony*  ☒ **SUBPOENA DUCES TECUM:** *Requesting the Production of Records or Things*

| **THE PEOPLE OF THE STATE OF CALIFORNIA**<br>**SEND GREETINGS TO:** | *(name and address of person being subpoenaed)*<br>Ramiro Zuniga, M.D.<br>Residency Program Director,<br>San Joaquin General Hospital<br>French Camp CA 95231 |
|---|---|
| 1. At the request of ☐ Petitioner    ☐ Respondent<br><br>*(party name)*  Farzana Sheikh, M.D. | *(name, address and telephone number of contact person)*<br>Andrew Eshoo, Esq.<br>Office of County Counsel<br>222 E Weber Ave # 711 Stockton CA 95202 |

2. **You are hereby commanded, business and excuses being set aside, to appear as a witness on:**

*(date)* _August 9, , 2009_____, at *(time)* _10:00 AM_____, and then and there to testify at: *(location)*

   ☐ OAH, 2349 Gateway Oaks Drive, Suite 200, Sacramento  CA  95833   ☐ OAH, 320 West Fourth Street, Room 630, Los Angeles  CA  90013

   ☐ OAH, 1515 Clay Street, Suite 206, Oakland  CA  94612   ☐ OAH, 1350 Front Street, Room 6022, San Diego  CA  92101

   ☐ Other:_ :

| ☐ | 3. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose your original declaration with the records. Seal them. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number, your name and date, time, and place from item 2 (the box above). (3) Place this first envelope in an outer envelope, seal it, and mail it to the Office of Administrative Hearings at the address checked in item 2. (4) Mail a copy of your declaration to the attorney or party shown in item 1. |
|---|---|
| ☒ | 4. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code section 1561.<br>By _August 9, 2009_____ *(date)*, send the records to:<br>Rehan Sheikh PO Box 869 French Camp CA 95231<br><br>*NOTE: This manner of production may not satisfy the requirements of Evidence Code section 1561 for admission at hearing.* |
| ☐ | 5. You are ordered to appear in person and to produce the records described in the accompanying affidavit. The personal appearance of the custodian or other qualified witness and the production of the original records is required by this subpoena. The procedure authorized by subdivision (b) of section 1560, and sections 1561 and 1562 of the Evidence Code will not be deemed sufficient compliance by this subpoena. |

6. **Disobedience to this subpoena will be punished as contempt of court in the manner prescribed by law.**

7. **Witness Fees:** Upon service of this subpoena, you are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you so request. You may request them before your scheduled appearance from the person named in item 1. *See Government Code sections 11450.05, 11450.50, 68092.5-68093, and 68096.1-68097.10.*

8. **IF YOU HAVE ANY QUESTIONS ABOUT WITNESS FEES OR THE TIME OR DATE YOU ARE TO APPEAR, OR TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED ON THE DATE AND TIME SPECIFIED ABOVE, CONTACT THE PERSON REQUESTING THIS SUBPOENA, LISTED IN ITEM 1 ABOVE, BEFORE THE DATE LISTED IN ITEM 2 ABOVE.**

*(Date Issued)* _7/27/09_____  *(Signature of Authorizing Official)* _____

*(Printed Name)* _Caren J. Brandt____  *(Title)* _Administrative Law Judge__

OAH-1 (Rev. 10/06)

*(Any party issuing a subpoena for production of books and/or records must complete this section.)*

The undersigned states that the books, papers, documents and/or other things named below and requested by this subpoena are material to the proper presentation of this case, and good cause exists for their production by reason of the following facts:

Plaintiff is requesting all records regarding Dr. Sheikh from Family Medicine Residency Program, San Joaquin General Hospital and any of its affiliates including but not limited to County of San Joaquin directly or indirectly. The records include documentation, correspondence, meeting minutes, notes, call logs, audio or visual records or presentation, Investigations, any sub-rosa records or any other information of any nature. The documents include any such records with any hospital, institution, Board, entity or person.

The records are needed in order to determine eligibility of Dr. Sheikh to be licensed with the Medical Board of California.

*(Use additional pages, if necessary, and attach them to this subpoena.)*

Executed _____ July 22, 2009 _____, at French Camp _____, California.
**I declare under penalty of perjury that the foregoing is true and correct.**

_____
*(Signature of Declarant)*

## METHOD OF DELIVERY of this subpoena:

☐ **Personal Service** – In accordance with Code of Civil Procedure sections 1987 and 1988, delivery was effected by showing the original and delivering a true copy thereof personally to:

☐ **Messenger Service** – In accordance with Government Code section 11450.20, an acknowledgement of the receipt of this subpoena was obtained by the sender after it was delivered by messenger to:

☐ **Certified Mail, Return Receipt Requested** – I sent a true copy of this subpoena via certified mail, return receipt requested to:
*(name and address of person)*

_____Andrew Eshoo, Esq. _____

_____Office of County Counsel _____

_____222 E Weber Ave # 711 Stockton California 95202----_____

at the hour of _____ m., on _____, 2 _____,

City of French Camp ___, State of _ California _____.

_____
*(Signature of Declarant)*

EXHIBIT D

# BEFORE THE
# OFFICE OF ADMINISTRATIVE HEARINGS



In the Matter of:
**Medical Board of California**
v.
**Farzana Sheikh, M.D.**

Agency / Agency Case No. 20-2009-196933

OAH No. 2009050926

☐ **SUBPOENA:** *Requesting Testimony*  ☒ **SUBPOENA DUCES TECUM:** *Requesting the Production of Records or Things*

| THE PEOPLE OF THE STATE OF CALIFORNIA **SEND GREETINGS TO:** | *(name and address of person being subpoenaed)* Samuels Adkins, M.D. Residency Program Director, 1313 Red River Street Austin Texas 78701 |
|---|---|
| 1. At the request of ☒ Petitioner  ☐ Respondent  *(party name)* _Farzana Sheikh, M.D._ | *(name, address and telephone number of contact person)* |

2. **You are hereby commanded, business and excuses being set aside, to appear as a witness on:**

*(date)* _August 9, , 2009_____, at *(time)* _10:00 AM_____, and then and there to testify at: *(location)*

☐ OAH, 2349 Gateway Oaks Drive, Suite 200, Sacramento CA 95833      ☐ OAH, 320 West Fourth Street, Room 630, Los Angeles CA 90013

☐ OAH, 1515 Clay Street, Suite 206, Oakland CA 94612      ☐ OAH, 1350 Front Street, Room 6022, San Diego CA 92101

☐ Other: :

☐ 3. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose your original declaration with the records. Seal them. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number, your name and date, time, and place from item 2 (the box above). (3) Place this first envelope in an outer envelope, seal it, and mail it to the Office of Administrative Hearings at the address checked in item 2. (4) Mail a copy of your declaration to the attorney or party shown in item 1.

☒ 4. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code section 1561.
By _August 9, 2009_____ *(date)*, send the records to:
Rehan Sheikh PO Box 869 French Camp CA 95231

*NOTE:  This manner of production may not satisfy the requirements of Evidence Code section 1561 for admission at hearing.*

☐ 5. You are ordered to appear in person and to produce the records described in the accompanying affidavit. The personal appearance of the custodian or other qualified witness and the production of the original records is required by this subpoena. The procedure authorized by subdivision (b) of section 1560, and sections 1561 and 1562 of the Evidence Code will not be deemed sufficient compliance by this subpoena.

6. **Disobedience to this subpoena will be punished as contempt of court in the manner prescribed by law.**

7. **Witness Fees**: Upon service of this subpoena, you are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you so request. You may request them before your scheduled appearance from the person named in item 1. *See Government Code sections 11450.05, 11450.50, 68092.5-68093, and 68096.1-68097.10.*

8. **IF YOU HAVE ANY QUESTIONS ABOUT WITNESS FEES OR THE TIME OR DATE YOU ARE TO APPEAR, OR TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED ON THE DATE AND TIME SPECIFIED ABOVE, CONTACT THE PERSON REQUESTING THIS SUBPOENA, LISTED IN ITEM 1 ABOVE, BEFORE THE DATE LISTED IN ITEM 2 ABOVE.**

*(Date Issued)* _7/27/09_____   *(Signature of Authorizing Official)* _____

*(Printed Name)* _Kann J. Brandt___   *(Title)* _Administrative Law Judge_

OAH-1 (Rev. 10/06)

*(Any party issuing a subpoena for production of books and/or records must complete this section.)*

The undersigned states that the books, papers, documents and/or other things named below and requested by this subpoena are material to the proper presentation of this case, and good cause exists for their production by reason of the following facts:

Plaintiff is requesting all records regarding Dr. Sheikh from Family Medicine Residency Program, San Joaquin General Hospital and any of its affiliates including but not limited to County of San Joaquin directly or indirectly. The records include documentation, correspondence, meeting minutes, notes, call logs, audio or visual records or presentation, Investigations, any sub-rosa records or any other information of any nature. The documents include any such records with any hospital, institution, Board, entity or person.

The records are needed in order to determine eligibility of Dr. Sheikh to be licensed with the Medical Board of California.

*(Use additional pages, if necessary, and attach them to this subpoena.)*

Executed _____ July 22, 2009 _____, at French Camp _____, California.

**I declare under penalty of perjury that the foregoing is true and correct.**

_____
*(Signature of Declarant)*

## METHOD OF DELIVERY of this subpoena:

☐ **Personal Service** – In accordance with Code of Civil Procedure sections 1987 and 1988, delivery was effected by showing the original and delivering a true copy thereof personally to:

☐ **Messenger Service** – In accordance with Government Code section 11450.20, an acknowledgement of the receipt of this subpoena was obtained by the sender after it was delivered by messenger to:

☐ **Certified Mail, Return Receipt Requested** – I sent a true copy of this subpoena via certified mail, return receipt requested to: *(name and address of person)*

__Samuel Adkins, M.D._(Brackenridge University Hospital) _____

__1313 Red River Drive_____

__Austin Texas 78701_____

at the hour of _____ m., on __July_____, 2 _____,

City of _French Camp_____, State of __California_____.

_____
*(Signature of Declarant)*

EXHIBIT E

1  EDMUND G. BROWN JR.
    Attorney General of California
2  JOSE R. GUERRERO
    Supervising Deputy Attorney General
3  SUSAN K. MEADOWS
    Deputy Attorney General
4  State Bar No. 115092
    455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
    Telephone: (415) 703-5552
6    Facsimile: (415) 703-5480

7  *Attorneys for Complainant*

8

                         **BEFORE THE**
           **MEDICAL BOARD OF CALIFORNIA**
9     **DEPARTMENT OF CONSUMER AFFAIRS**
              **STATE OF CALIFORNIA**
10

| | |
|---|---|
| 11  In the Matter of the Amended Statement of Issues Against: | Case No. 20-2009-196933 |
| 12 | OAH No. 2009050926 |
| 13  **FARZANA SHEIKH**<br>    P.O. Box 869 | **NOTICE OF PEREMPTORY CHALLENGE**<br>[CCR § 1034; Gov. Code § 11425.40(d)] |
| 14    French Camp, CA  95231 | Hearing Date:  August 12, 2009, 9:00 a.m. |
| 15                      Applicant. | |

16

17    TO THE PRESIDING ADMINISTRATIVE LAW JUDGE:

18      Please take notice that Complainant, Barbara Johnston, in her official capacity as the

19  Executive Director of the Medical Board of California, in the above entitled matter, is hereby

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1

1  exercising her right, by and through her counsel of record, Deputy Attorney General Susan K.

2  Meadows, to a peremptory challenge regarding Administrative Law Judge Karen Brandt pursuant

3  to California Code of Regulation section 1034 and Government Code section 11425.40(d).

4

5  Dated: July 29, 2009                                          Respectfully Submitted,

6                                                                EDMUND G. BROWN JR.
                                                                 Attorney General of California
7                                                                JOSE R. GUERRERO
                                                                 Supervising Deputy Attorney General

8                                                                Lynne Dombrowski-for

9                                                                SUSAN K. MEADOWS
10                                                               Deputy Attorney General
                                                                 Attorneys for Complainant
11

12

13  SF2009403155
    40341670.doc
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

# EXHIBIT F

**Rehan Sheikh**
PO Box 869
French Camp CA 95231
Phone (209) 982 9039
Fax     (209) 468 6392
Email: rehansheikh@yahoo.com

Date:  August 3, 2009

Via Facsimile and USPS

Barbara Johnston
Executive Director
Medical Board of California
2005 Evergreen Street, Suite 1200
Sacramento, California 95815-3831
→Fax: (916) 263.2487

Subject:     Information provided by the Residency Program Director at AMEP (on credits
             for residency training)

Ref:         Application for Physician's License – Farzana Sheikh, M.D.

Dear Ms. Johnston,

       I am requesting your kind attention on the letter that I have submitted at the Board
Meeting on July 24, 2009. In that letter I requested your office to confirm whether the Residency
Program Director with Austin Medical Education Program in Texas has provided incorrect
information on the credits that applicant Sheikh is entitled for her residency training with that
residency program.

       As the trial to determine eligibility of the above referenced physician is scheduled for
August 12, 2009, I request that you office kindly respond no later than August 6; fifteen days
from submission of request. Your office already has all the information and to facilitate a quick
response, I have attached several documents with my letter.

       I am looking forward to your immediate consideration on my request.

                                             Respectfully,


                                             Rehan Sheikh
                                             Engineer & Representative (non-attorney) for Dr. Sheikh


cc: Susan K. Meadows, Esq. - Deputy Attorney General
    Anita Scuri, Esq. Sup. Senior Staff Council, Department of Consumer Affairs

# DEPARTMENT OF FAMILY PRACTICE
San Joaquin County Health Care Services

AFFILIATED WITH
DEPT. OF FAMILY PRACTICE
SCHOOL OF MEDICINE
U. C. DAVIS

SAN JOAQUIN GENERAL HOSPITAL
POST OFFICE BOX 1020
STOCKTON, CA 95201
(209) 468-6760
(209) 468-6747 (FAX)

February 20, 2008

Austin Medical Education Programs
Family Practice Program
1313 Red River, Suite 100
Austin, Texas 78701

Re:  Farzana Sheikh

Dear Dr. Adkins,

Thank you for sending us the documents concerning Dr. Farzana Sheikh.

The California Medical License Board has informed us that Dr. Sheikh had received 7 months of training at your program while Ms Kathy Banks told us that your program has given Dr. Sheikh 11 months of satisfactory training to the American Board of Family Medicine.

For clarification of the discrepancy, I would appreciate a letter from you to verify the total number of months of satisfactory training and also the specific rotations that Dr. Sheikh had completed during her first year residency at your program.

I appreciate your assistance.

Regards,

Vincent Lo MD, FAAFP

Interim Program Director
San Joaquin Family Medicine Residency
vlo@sjgh.org



# Family Practice Education

sponsored by Austin Medical Education Program

BLACKSTOCK FAMILY PRACTICE ACADEMIC ASSOCIATES
1313 Red River, STE 100
Austin, Texas 78701
(512) 324-8600

3/13/08

Dear Dr. Lo,

In response to your request for information dated February 20, 2008. Farzana Sheikh completed 10 months/11blocks of training at Austin Medical Education Program
Sincerely,

S. B. Adkins III, MD
1313 Red River
Suite 100
Austin, Texas 78701
512-324-7318



**MEDICAL BOARD OF CALIFORNIA**
Licensing Program



August 8, 2008

Vincent Lo, M.D.
Program Director, Family Medicine Postgraduate Training Program
San Joaquin General Hospital
500 W. Hospital Road
French Camp, CA 95231

RE:    FARZANA SHEIKH

Dear Dr. Lo:

This letter is to request assistance relative to a current postgraduate trainee, Farzana Sheikh.

Ms. Sheikh has applied for medical licensure in California. In evaluating Ms. Sheikh's credentials, I noted that she commenced training in your family medicine postgraduate training program on July 1, 2006 without benefit of a current required Postgraduate Training Authorization Letter (PTAL). You have indicated in your correspondence dated October 3, 2007 that this issue has been addressed and appropriate checks and balances have been implemented to ensure no future occurances.

At this time, you are advised that Ms. Farzana Sheikh must be removed from all clinical activities, effective immediately. Section 2066 of the California Business and Professions Code limits an international medical graduate's participation in an ACGME-approved postgraduate training program, without benefit of licensure, to not more than years of training, a period of thirty-six months. This training is inclusive of all training completed in the United States or Canada, and incorporates all training regardless of whether credit is granted. As such, based upon the documentation contained in Ms. Sheikh's application, her three year licensure exemption expired on August 1, 2008. Our records indicate that Ms. Sheik completed eleven months of postgraduate training in the Austin Medical Educational Program between June 25, 2005 and June 24, 2006; she took a one month leave of absence. Our records also indicate that Ms. Sheik commenced training in your program on July 1, 2006 and remains in that program to date, a total of 25 months of postgraduate training. Please provide written confirmation that Ms. Sheikh has been removed from all clinical activities.

At this time, I am also requesting your assistance in providing additional information relative to Ms. Sheikh's performance in your program. It would be helpful in our continued evaluation of her application if you would provide a detailed letter, noting any areas of concern. This would include her clinical performance, interactions/relationships with peers and superiors, and interactions/relationships with patients. Any extenuating circumstances that you feel contributed to her performance should also be noted.

I am also requesting copies of her application to your postgraduate training program, all rotation evaluations, performance evaluations, probation and/or disciplinary documents, intervention and/or diversion contracts, memos, notes to file, institutional review documents and minutes, and any other documentation relative to her overall performance in your program.

The above information is essential to the continued evaluation of Ms. Sheikh's application for medical licensure in California. I am enclosing a copy of the release signed by Ms. Sheikh, authorizing the Medical Board of California to obtain all information relative to her education, training and qualifications as a physician.

Thank you for your assistance and cooperation. If you have any questions concerning this letter, please contact me at the noted address, by telephone at (916) 263-2366, or by e-mail at coseto@mbc.ca.gov.

Sincerely,

Cindi Oseto
Associate Analyst
Licensing Program

Enclosure

cc: Farzana Sheik