IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FARZANA SHEIKH, M.D.

       Plaintiff,

   v.                               NO. CIV. S-10-0213 FCD GGH PS

MEDICAL BOARD OF CALIFORNIA, et al.,

       Defendants.             <u>ORDER</u>

_____/

        Previously pending on this court's law and motion calendar for June 10, 2010, was plaintiff's motion to compel, filed April 8, 2010,[1] defendants' amended motion to dismiss, filed April 29, 2010, defendants' request for judicial notice, filed April 28, 2010, and plaintiff's request for briefing schedule, filed May 10, 2010.  Plaintiff appeared in pro se.  Defendants were represented by Susan Meadows.

<u>BACKGROUND</u>

        Plaintiff filed this action on January 27, 2010, against defendants Medical Board of California and the State of California.  The case is proceeding on the "amended petition for review," construed as an amended complaint, filed on February 17, 2010, in response to this

---

[1] Plaintiff also filed a motion to compel on April 7, 2010 (dkt. # 31), but it is a duplicate of the April 8th motion, with a different hearing date noticed.

1  court's order striking the original pleading as having been filed by plaintiff's husband, who is not

2  a lawyer.  The amended complaint seeks to set aside an administrative decision by the Medical

3  Board denying plaintiff's application for a physician's and surgeon's license.  Plaintiff alleges

4  that the Board's denial of her application is arbitrary and capricious because it did not find her

5  guilty of any accusation, yet denied her a license.  Plaintiff alleges procedural due process

6  violations, including that the Board brings accusations without testing their credibility, that the

7  Board engages in ex parte communications with the decision makers, and that the Board makes a

8  decision by secret ballot without reviewing any records.  Plaintiff objects to the Board's denial of

9  her certificate on the grounds of incompetence, lack of interpersonal skills, and dishonesty.

10  Plaintiff also alleges that Cal. Bus. & Prof. Code § 2335, concerning proposed decisions of the

11  Medical Quality Hearing Panel, violates her right to due process.  (Am. Compl. at 2.)

12          The ALJ's proposed decision, issued on November 3, 2009, after plaintiff did not

13  appear at the hearing, found that plaintiff had made false statements on her application.  She had

14  answered "yes" to the question of whether she had taken a leave of absence from training, which

15  was true, but she did not provide a written explanation for the leave as was required.  Defs.' RJN,

16  Ex. 1, at 3.  Plaintiff also answered "no" to the questions about whether any limitations or special

17  requirements were placed on her and whether a medical program had declined to offer or renew

18  her contract, both of which were true.  Her answers were given under penalty of perjury.

19          The Board adopted the ALJ's proposed decision on November 25, 2009, effective

20  December 28, 2009.  Id. Plaintiff did not seek state court judicial review of the Board's final

21  decision, issued after plaintiff had failed to appear at her administrative hearing.

22  DISCUSSION

23  A.  Defendants' Request for Judicial Notice

24          Defendants' request, filed April 28, 2010, consists of the decision of the Medical

25  Board of California issued November 25, 2009, finally denying plaintiff's application for a

26  physician's and surgeon's license.  Attached to that decision are a Statement of Issues, filed

against plaintiff with the Medical Board of California on March 27, 2009, and an Amended Statement of Issues, filed with the Board on May 21, 2009.  The statement of issues sets forth the law supporting the Board's denial of plaintiff's application for a physician's and surgeon's license.  The cause for denial of plaintiff's application was answering a question untruthfully and failing to disclose material information on her application.  RJN, Ex. 2.

A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  Because these exhibits are administrative court records, defendants' request for judicial notice is granted.

B.  Defendants' Motion to Dismiss

I.  Legal Standards

A.  Rule 12(b)(6)

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

1   motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

2   89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

3   that general allegations embrace those specific facts that are necessary to support the claim.'"

4   National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803

5   (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

6   Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

7   Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

8           The court may consider facts established by exhibits attached to the complaint.

9   Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

10  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

11  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

12  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

13  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

14  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

15          A pro se litigant is entitled to notice of the deficiencies in the complaint and an

16  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

17  Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

18                  II.  Analysis

19          Defendants move to dismiss on several grounds, that there is no merit to

20  plaintiff's constitutional claims, that California provides an exclusive remedy for review of an

21  administrative decision, that plaintiff's section 1981 and 1983 claims are barred due to res

22  judicata, that equitable relief is barred by Burford, and that defendants have Eleventh

23  Amendment immunity.  Plaintiff did not file an opposition to this motion.  Normally, a party will

24  not be entitled to be heard in opposition if that party has not timely filed an opposition.  E.D. L.

25  Rule 230(c).  Nevertheless, because plaintiff appeared at hearing, the motion will be analyzed on

26  its merits.  The court need only reach defendant's motion to dismiss the constitutional claims.

Plaintiff's primary constitutional claim is that her due process rights were violated because the Board adopted the ALJ's proposed decision without independently reviewing the evidence, and that California Bus. & Prof. Code § 2335 is unconstitutional.  Defendants argue that there is no constitutional requirement that the Medical Board independently review the record produced in an administrative hearing before it makes its final decision.  Cal. Govt. Code § 11517.

The Medical Board of California is statutorily authorized to review, and if necessary, deny applications for medical licenses.  Cal. Bus. & Prof. Code § 2221.  The applicant may contest the denial.  On plaintiff's request for a hearing, the Board filed and served a statement of issues and served plaintiff with a notice of hearing.  Defs.' RJN Ex. 2, Cal. Govt. Code § 11504.  At the hearing, a party has the right to call, examine and cross-examine witnesses, and introduce and rebut evidence.  Cal. Govt. Code § 11513.[2]  Cal. Govt. Code § 11520(a) provides that if a respondent fails to file a notice of defense or appear at a hearing on the license review, the agency may take action on respondent's admissions or other evidence without notice to respondent.  Where respondent has the burden of proof to show entitlement to the agency action sought, (such as where an applicant seeks a license), the agency may act without taking evidence.  Id.

Cal. Bus. & Prof. Code § 2335 provides that proposed decisions of the Medical Quality Hearing Panel shall be acted upon by the Board in accordance with Cal. Govt. Code § 11517(c)(2), which provides that the agency may act on the proposed decision within 100 days by adopting it, reducing or mitigating the proposed penalty and adopting the balance of the

---

[2] Like most boards and agencies in California, the administrative due process regarding their proceedings is governed by  Cal. Govt. Code § 11500 et seq.  See Cal. Bus. and Prof. Code § 2230 adopting for the most part the Government Code procedures.  A special panel of administrative law judges is utilized for Medical Board hearing due to the special expertise required for medical issues. Cal. Govt. Code 11371.  The administrative hearings procedures are robust and include limited discovery.  The hearing, at which the ALJ presides, includes the power to call witnesses and make credibility findings.  See Cal. Govt. Code 11512, and 11513, supra.

1   decision, making minor changes to the proposed decision and then adopting it, rejecting the

2   decision and referring it back to an administrative law judge for additional evidence, or rejecting

3   the proposed decision and deciding the case with or without taking additional evidence.  If the

4   agency fails to act within 100 days, the proposed decision is deemed adopted.  Id.  The ALJ's

5   findings are to be given great weight unless controverted by new evidence.  Cal. Bus. & Prof.

6   Code § 2335.

7          "The fundamental requirement of due process is the opportunity to be heard 'at a

8   meaningful time and in a meaningful manner.'"  Mathews v. Eldridge, 424 U.S. 319, 333, 96

9   S.Ct. 893, 902 (1976) (citation omitted).  Due process requires consideration of three factors:

> First, the private interest that will be affected by the official action;
> second, the risk of an erroneous deprivation of such interest
> through the procedures used, and the probable value, if any, of
> additional or substitute procedural safeguards; and finally, the
> Government's interest, including the function involved and the
> fiscal and administrative burdens that the additional or substitute
> procedural requirement would entail.

14  Id. at 335, 903.

15         The issue is whether the hearing accorded is meaningful, not whether the hearing

16  was held before the authority with final responsibility to determine a discharge or, in this case,

17  denial of a license application.  Bates v. Sponberg, 547 F.2d 325, 332 (6th Cir. 1976) (finding no

18  due process violation where although terminated professor was denied hearing before the Board

19  of Regents and the Board failed to review the record prior to discharging him, he appeared before

20  faculty grievance committee and presented evidence).  See also Tigrett v. Rector and Visitors of

21  the University of Virginia, 290 F.3d 620, 629-30 (4th Cir. 2002) (following Bates).  Licensing

22  procedures involving doctors and lawyers create a more important state interest than licensing of

23  other professions, such as horse racing.  Baffert v. California Horse Racing Board, 332 F.3d 613,

24  618 (9th Cir. 2003).  Nevertheless, there is no due process violation in revoking a physician's

25  license where the Board's decision is made without its own hearing because it is based on an

26  ALJ's written report after a hearing is provided.  Guerrero v. State of New Jersey, 643 F.2d 148,

149-150 (3rd Cir. 1981).[3]  Furthermore, it is not required that the deciding body personally read the record; rather it may consider and appraise the evidence by reviewing a summary or analysis of it prepared by subordinates.  Bates, 547 F.2d at 332.

Addressing the Matthews factors, the first consideration is that plaintiff's interest in a professional medical license through the state of California is considered to be fairly high. Baffert, 332 F.3d at 618.  Second, *at plaintiff's request*, she was afforded notice and a full hearing before an administrative law judge with a full opportunity to participate, present and rebut evidence, and testify.  There was no risk of an erroneous deprivation of plaintiff's license application through these procedures.  Taking over the administrative process for his wife, much as he has attempted to do here in federal court, plaintiff's husband submitted a letter requesting an investigation of action taken by the Office of Administrative Hearings and arguing that a hearing was not necessary until the investigation had taken place.  Defs.' RJN Ex. 1. Determining to follow her husband's lead, plaintiff declined to appear at the hearing to make

---

[3]  Guerrero cited to a variety of circuits at the time interpreting the Supreme Court's pronouncement that "the one who decides must hear" in Morgan v. United States, 298 U.S. 468, 481, 56 S.Ct. 906, 912 (1936):

Estate of Varian v. Commissioner of Internal Revenue, 396 F.2d 753, 755 (9th Cir.), cert. denied, 393 U.S. 962, 89 S.Ct. 402, 21 L.Ed.2d 376 (1968) ("The Supreme Court's statement that '(t)he one who decides must hear' ... means simply that the officer who makes the findings must have considered the evidence or argument."); Utica Mutual Insurance Company v. Vincent, 375 F.2d 129, 132 (2d Cir.), cert. denied, 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967) ( "Nothing in ... (Morgan) ... suggests that the decider must actually hear the witnesses or be furnished a report on their credibility; the thrust is quite the opposite."); DeRemer v. United States, 340 F.2d 712, 716 (8th Cir. 1965) ("As a matter of general administrative law, it is well settled, at least since the first and fourth 'Morgan' cases ... that administrative agencies may properly use subordinates in information-gathering and analysis."); Southern Garment Mfrs. Ass'n v. Fleming, 122 F.2d 622, 626 (D.C.Cir.1941) ( "While 'the one who decides must hear', it must be remembered that 'hear' is used in the artistic sense of requiring certain procedural minima to insure an informed judgment by the one who had the responsibility of making the final decision and order.").

these arguments or present evidence, thus failing to avail herself of the process which she now claims was due.  There is no doubt that plaintiff was accorded a meaningful hearing, albeit one that she did not attend.

Finally, the Government's interest in processing medical license applications correctly and efficiently is high, particularly in light of the important role physicians have in caring for citizens of the state who put their health, and even lives in the doctor's hands.  Plaintiff's husband, determined to insert himself in the well established procedures of this state by demanding an unauthorized "investigation" prior to the hearing, in essence torpedoed the proceedings; this quite audacious act by a person with no standing was not required to be acted upon in order to obtain administrative due process, and would add an unreasonable burden to an administrative claims state processing system.

It is particularly difficult to find a due process violation where plaintiff did not attempt to take advantage of the process that was offered her.  Plaintiff was accorded meaningful due process in her license application proceedings.

Plaintiff makes other allegations related to due process in regard to her administrative hearing, all of which are without merit.  Her claim that the Board brings accusations without testing their credibility is obviously not true in the overall sense, see procedures set forth above, and not relevant in the initial context.  (Am. Compl. at 2.)  The entire administrative due process procedures are designed to test the Board's initial decision.  Because plaintiff is applying for a license, and not having an already obtained license revoked, there is no need for the Board to hold a full administrative trial before making its initial decision to deny an application for license.  See Yakus v. United States, 321 U.S. 414, 436-437, 64 S.Ct. 665 (1944) (full hearing after initial administrative decision afforded due process in the context of application of a regulation); see also Cleveland Brd of Educ.v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487 (1985) (post-termination hearing even in context of a public employment dismissal sufficient for due process).  An every day example of the acceptability of denial of an application

1 before hearing exists as well in Social Security practice.  As is well known, an application for

2 benefits is filed, and if denied, only then a full administrative hearing is afforded.   The

3 procedures for contesting that denial which follow immediately afterwards are sufficient.  The

4 identical proposition is true here as seen from the discussion above.  Moreover, because plaintiff

5 did not appear at her hearing, she is hard pressed to make the argument that any violation

6 occurred in this respect.

7           Plaintiff also alleges that the Board engages in ex parte communications with the

8 decision makers.  (Am. Compl. at 2.)  Since the Board is the initial and final decision maker, it is

9 nonsensical to argue that it engages in ex parte communications with itself.  To the extent that

10 plaintiff alleges a Board member discussed the substance of plaintiff's case with the ALJ prior to

11 the proposed decision, plaintiff's conclusion is supported by no facts.  To the extent that plaintiff

12 protests the Board's representation before the ALJ, and its participation in that hearing, plaintiff's

13 conception of a "plaintiff's appearance only" hearing is the antithesis of due process.

14           Plaintiff's claim that the Board did not find her guilty of any accusations yet the

15 State denied her a license is belied by the documents upon which judicial notice can be taken.

16 The Board specifically found that plaintiff did not answer part of  Question #14 truthfully, the

17 question that asked whether she had ever had a postgraduate training program not be renewed or

18 offered for the following year, and that she did not submit an explanation or supporting

19 documents to support her truthful answer to the question whether she ever took a leave of

20 absence or break from her training.  (RJN, Ex. 1 at 3.)

21           As there were no due process violations as a matter of law, the action should be

22 dismissed.[4]

23 \\\\\

24 \\\\\

25

26          [4]  Defendants' other grounds for dismissal need not be addressed based on this finding.

9

CONCLUSION

      For the reasons stated herein, IT IS HEREBY RECOMMENDED that defendants' amended motion to dismiss, filed April 29, 2010 (dkt. #40), be granted and this action be dismissed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

      Accordingly, IT IS ORDERED that:

      1. Plaintiff's motion to compel, filed April 8, 2010 (dkt. #33), is vacated from the calendar pending a district court ruling on defendants' motion to dismiss.

      2.  Plaintiff's motion to compel, filed April 7, 2010, (dkt. #31), is denied as mooted by docket #33.

      3.  Defendants' request for judicial notice, filed April 28, 2010, (dkt. # 37), is granted.

      4.  Plaintiff's request for briefing schedule, filed May 10, 2010, (dkt. # 42), is vacated from the calendar pending the district court's ruling on defendants' motion to dismiss.

DATED: July 13, 2010

      /s/ Gregory G. Hollows

      GREGORY G. HOLLOWS
      U.S. MAGISTRATE JUDGE

GGH:076
Sheikh0213.mtc-mtd.wpd