FARZANA SHEIKH, M.D., In Pro Per
P.O. Box 869
French Camp, CA 95231
Telephone:     (209) 982 9039

Prepared by;
REHAN SHEIKH,
rehansheikh@yahoo.com

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISION)**

| | |
|---|---|
| FARZANA SHEIKH, M.D.<br>   Plaintiff,<br> v.<br>MEDICAL BOARD OF CALIFORNIA<br>   Defendant<br>and<br>THE STATE OF CALIFORNIA<br>   Defendant | **CASE: 2:10-CV-00213 – FCD - GGH**<br><br>**PLAINTIFF'S MOTION FOR LEAVE FOR MOTION FOR RECONSIDERATION**<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION ON PREMATURE DISMISSAL OF:**<br><br>**PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF ON CONSTITUTIONALITY OF CALIFORNIA B&P SECTION 2335  &**<br><br>**PLAINTIFF'S PETITION FOR REVIEW OF DENIAL OF HER APPLICATION FOR PHYSICIAN'S LICENSE**<br><br>**DATE:** OCT 8, 2010<br><br>**TIME:** 10:00 AM<br><br>**JUDGE: HON. FRANK C. DAMRELL** |

Plaintiff hereby submits Motion for leave for Motion for Reconsideration on premature dismissal of both the actions presented by the plaintiff. Plaintiff hereby submits her Motion for Reconsideration on premature dismissal by the District Court.

**FACTUAL AND LEGAL BASIS;**

The District Court did a reversible error by dismissing the action;

1. Plaintiff submitted a Motion for Dismissal of Defendants Motion for Dismiss that was presented before Magistrate Judge and not before the District Judge. The District Judge did a reversible error to arbitrarily and capriciously construed plaintiff's Motion for Dismissal of Defendant's Motion for Dismissal as Plaintiff's Motion for objections on Recommendations of Magistrate Judge.

2. Though District Court stated to review the points and objections raised by the plaintiff, However, The District Court overlooked to rule on the points & objections raised by defendants. (Docket #48 and Docket #50)
    a. Plaintiff did not consent to the jurisdiction of Magistrate Judge
    b. The District Judge did not assign the Motion for Dismissal to Magistrate Judge
    c. The Magistrate Judge is not authorized to grant a hearing on Dispositive Motion.

3. Plaintiff has now submitted additional information and documentation with her Motion for Reconsideration. The information and documentation must be reviewed by the Court as it is relevant to plaintiff's petition and the recommendations by the Magistrate Judge.

4. After plaintiff provided information on improper denial of her application for physician and Surgeons license, the members of the Medical Board of California have requested an investigation that is unique by its nature and precedence. The District Court must allow merit hearing on plaintiff's Petition.

5. The District Court may not have any Local Rule/ to construe in such a way that Local Rules contradict Federal Rules of Civil Procedures.

   a. Plaintiff had not consented to the jurisdiction of Magistrate Judge.
6. The District Court may not have any Local Rule/ to construe in such a way that Local Rules do not conform to plaintiff's Civil Rights including but not limited to appear before an article III Judge.
   a. The District Court arbitrarily and capriciously denied plaintiff's Motions including but not limited to Motion for Disqualification of District Judge and plaintiff's Motion for Status Conference. The District Court overlooked to explain the Local Rules that conflict with plaintiff's Motion.
   b. Though the Court should hold Pro Se Plaintiff to a lower standard for rules but the court overlooked to hold the plaintiff to a lower standard by denying merit hearing on Motions and arguments presented by plaintiff.
7. The Magistrate judge did a reversible error by accepting ex-parte documents (allegedly administrative court records).
   a. The Administrative Court have denied plaintiff's request for administrative records.
   b. The Defendants have denied plaintiff's requests for records and defendants have denied compliance with the subpoena/ order signed by administrative law judge for the records.
8. Defendant's have submitted a Motion for Dismissal per FRCP 12(b)(6). The District Court did a reversible error by granting Defendant's Motion for Dismissal on merits (summary judgment FRCP 56) without allowing an opportunity to plaintiff to submit rebuttal.
   a. The Magistrate Judge considered facts outside the pleadings.
   b. The Analysis by Magistrate Judge clearly states
      *Defendants move to dismiss on several grounds that there is no merit to plaintiff's constitutional claims.*

    c. Defendants Motion to dismiss plaintiff's request for declaratory relief on constitutionality of Business and Professional Code section 2335 improperly relied on California Government Code section 11504. That is a reversible error.

    d. Plaintiff submitted more appropriate justification relying on Second Morgan Case (58 S. Ct. 999 1938) in her letter submitted to State Bar of California; submitted with Court as Docket#62.

9. Plaintiff has submitted two Requests for Admission(s) to assist the Court in appraising the complex disciplinary process by the State Medical Board.

10. Further, the record submitted by plaintiff demonstrates that the plaintiff correctly completed the application forms.

## ARGUMENTS

**A. The Court erred by Not Granting hearing on Plaintiff's Motion to Compel**

The Magistrate Judge did a reversible error by relying on self serving records submitted by defendants. The records were NOT provided to plaintiff during or after the administrative hearings.

The Review of records by the Magistrate Judge demonstrates that the Court not only relied on those records but also that those records were essential to making a determination by the Court.

In Garrett v. City of San Francisco, 818 F.2d 1515 (9th Circuit 1987), <u>denial of similar discovery lead to denial of applicant's claim</u>; that was correctly reversed by the Ninth Circuit Court of Appeals.

The District Judge had referred the hearing on plaintiff's Motion to Compel to the Magistrate Judge. The Magistrate Judge erred by deny hearing on plaintiff's Motion to Compel as such denial will neither protect plaintiff's or physicians Constitutional Rights to be licensed with the State nor denial of hearing will motivate defendants not to abuse its police power.

<u>The Documents withheld by defendants are of utmost importance for determination of eligibility of plaintiff's to be licensed with the State.</u> The documents will demonstrate that plaintiff is eligible and qualified for license and that plaintiff has correctly completed the application forms for Physicians and Surgeons license.

The plaintiff has reasons to believe that the Residency Program Director **falsified certain application forms**. Further the **Residency Program submitted falsified documentation** to the State Medical Board in reference to plaintiff's application for Physician's and Surgeon's License.

**B. The Magistrate Judge erred in Fact Findings**

The Magistrate judge submitted his recommendations on the belief that plaintiff provided incorrect information with reference to her renewal of contract with a residency program. That recommendation of the Magistrate Judge was clearly erroneous because the defendants did not present complete information to the Court. Plaintiff has correctly completed the application form and checked the form that her contract with the residency program was not renewed (See plaintiff's Request for admission and Exhibits).

**C. The Magistrate Judge erred in granting a hearing on Defendant's Dispositive Motion**

The parties had not consented to the jurisdiction of Magistrate Judge. The Magistrate judge erred in grating hearing on Defendant's dispositive Motion. The Magistrate Judge and District Judge erred by not ruling on opposition submitted by plaintiff and overlooked legal analyses.

**D. Defendants submitted a Motion for Dismissal under Rule 12 (b)(6) for failure to state a claim**

The defendants had submitted a Motion for dismissal of plaintiff's petition for failure to State a claim. In the defendants Motion for Dismissal for failure to state a claim FRCP 12(b)(6), the Court erred in considering matter outside the pleadings.

Further, FRCP 12 (d) states;

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

This is appropriate that the Court allow plaintiff to present rebuttal as the Court has considered matter outside of pleadings and the Court has considered Ex-parte documents submitted by defendants.

### E. PLAINTIFF IS ENTITLED TO ADMINISTRATIVE RECORDS

Plaintiff had requested the administrative Court for records that were submitted before the hearing officer. The administrative Court declined to release any records to plaintiff.

### F. The Defendants have used Incorrect Standard for Evidence and Burden of Proof

The Defendants have used a lower standard of proof 'Preponderance of Evidence' rather than 'Clear and Convincing Evidence'. (See Letters exchanged between Plaintiff and Defendant on Burden of Proof)

**The Defendants have wrongly claimed that defendant does not have a burden of proof for bringing accusations of Dishonesty against plaintiff.** That was incorrect; the Burden of proof lies with the party bringing accusations.

*Board of Medical Quality Assurance is required to find clear and convincing evidence that charges against physician could be sustained;* Yellen v. Board of Medical Quality Assurance 174 Cal.App.3d 1040

To take disciplinary action against a medical license, the State Medical Board is obligated to base its decision on clear and convincing proof to a reasonable certainty and not a mere preponderance of the evidence.
Medical Bd. of California v. Superior Court, 4 Cal.Rptr.3d 403; Cal.App.1.Dist.,2003

### G. Defendants denied hearing on Demurrer/Notice of Defense on Statement of Issues

Plaintiff believes that the defendants improperly brought accusations of Dishonesty and published a Statement of Issues against plaintiff without regards to statues and rules of

the Bar. Defendants improperly denied hearing on the Demurrer that plaintiff submitted on the Statement of Issues.

Plaintiff also submitted a Motion Disqualification of law offices representing the State Medical Board. The administrative Court denied hearing on plaintiff Motion and did not rule on that Motion. Defendants also denied hearing on other issues including Constitutional issues raised by plaintiff.

H. **Plaintiff requests a hearing by the District Court on Demurrer**

Plaintiff submitted a Demurrer/Notice of Defense dated April 27, 2009 on Statement of Issues (denial of application for license) elaborating her objections in detail. Plaintiff requests a hearing on the Demurrer with the District court seeking an order from the District Court compelling defendants to withdraw statements of issues and issue Physicians and Surgeons license to plaintiff.

I. The Defendant can propose only appropriate and proportionate punishment according to the nature of accusations and by the weight of the evidence. Eighth amendment of the Constitution bars arbitrary and excessive 'disciplinary punishment'.

**PRAYER**

Plaintiff requests that the Court grant her Motion for Reconsideration and allow merit hearing on the matter. Plaintiff also requests any other appropriate relief available at the discretion of the Court.

Respectfully Submitted by;

/s/ Farzana Sheikh

Date:   September 21, 2010           ---------------------------------
Farzana Sheikh, M.D.