1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11   FARZANA SHEIKH, M.D.,
                                       NO. CIV. S-10-213 FCD/GGH PS
12            Plaintiff,

13      v.                              MEMORANDUM AND ORDER

14   MEDICAL BOARD OF CALIFORNIA,
     and STATE OF CALIFORNIA,
15
              Defendants.
16
                            ----oo0oo----
17

18       This matter is before the court on plaintiff Farzana

19   Skeikh's ("Skeikh" or "plaintiff") motion for relief from the

20   court's final judgment[1] granting defendants Medical Board of

21   California and the State of California's (collectively

22   "defendants") motion to dismiss plaintiff's amended complaint.

23   _____

24       [1]   The document filed by plaintiff on September 21, 2010
     is entitled "Plaintiff's Motion for Leave for Motion for
25   Reconsideration; Plaintiff's Motion for Reconsideration on
     Premature Dismissal of: Plaintiff's Request For Declaratory
26   Relief on Constitutionality of California B&P Section 2335 &
     Plaintiff's Petition for Review of Denial of Her Application for
27   Physician's License."  (Docket # 78).  The court construes Docket
     #78 as a motion for relief from final judgment under Federal Rule
28   of Civil Procedure 60(b) and will hereinafter refer to it as
     such.

                                   1

Defendants oppose plaintiff's motion.  For the forgoing reasons, plaintiff's motion for relief from judgment is DENIED.[2]

### BACKGROUND

On January 27, 2010 a petition for "Writ of Review" was filed on behalf of plaintiff, by her non-attorney husband, against defendants. (Docket #2).  On February 17, 2010 plaintiff filed an amended petition for review ("amended complaint"). (Docket #14).  Defendants filed a motion to dismiss the amended complaint and a request for judicial notice on March 4, 2010. (Docket ## 18, 20).  The original petition filed on behalf of plaintiff, which was construed as a complaint, was ultimately striken by Magistrate Judge Gregory G. Hollows on March 18, 2010.[3]  (Docket #22).  On March 28, 2010, plaintiff filed a request for reconsideration of Judge Hollows' March 18, 2010 order, claiming that she had not consented to the jurisdiction of the magistrate judge and that the court erred in disallowing her husband to represent her.  (Docket #27).  This court denied plaintiff's request on April 28, 2010.  (Docket #39).

The hearing on defendants' motion to dismiss was held before Judge Hollows and submitted on June 10, 2010.[4]  Plaintiff filed a

---

[2]    Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[3]    Judge Hollow denied as moot defendants' motion to strike, filed January 29, 2010, and defendants' request for an extension of time to respond to the complaint, filed February 12, 2010.  Plaintiff's amended motion for e-filing access, filed on February 17, 2010, was conditionally granted.

[4]    Defendants filed an amended motion to dismiss on April 29, 2010.  (Docket #40).  Plaintiff did not file an opposition to defendants' motion or to defendants' request for judicial notice. Additionally, at the hearing on June 10, 2010, plaintiff did not

1    letter addressed to Judge Hollows on June 21, 2010, wherein she
2    asserted that Judge Hollows had no authority to rule on
3    defendants' motion to dismiss and plaintiff again requested that
4    her husband be allowed to represent her. (Docket #50). On July
5    14, 2010 Judge Hollows filed his order, recommending that
6    defendants' request for judicial notice and amended motion to
7    dismiss be granted, thereby dismissing plaintiff's action.
8    (Docket #55). Plaintiff had fourteen days to file objections to
9    Judge Hollows' findings and recommendations. (Docket #55). On
10   July 28, 2010, plaintiff filed a document entitled "Revised
11   Notice of Motion- Plaintiff's Motion to Dismiss Defendants'
12   Motion for Dismissal of Plaintiff's Petition for Administrative
13   Review." (Docket #57).

14        On August 23, 2010, after construing plaintiff's filing as
15   objections, this court adopted Judge Hollows' findings and
16   recommendations in full (the "final judgment"). (Docket # 58).
17   Defendants' motion to dismiss was granted and the case was
18   closed. (Docket ## 58, 59). Despite the case closing, plaintiff
19   continued to file a number of documents with the court, including
20   various purported requests for judicial notice and requests for
21   admissions. (See Docket ## 70-77). Defendants filed a reply to
22   plaintiff's various post-judgment submissions on September 21,
23   2010, which is also the day plaintiff filed her motion for relief
24   from final judgment and her notice of appeal. (Docket ## 80-83).

25

26

27   respond to Judge Hallows' questions or make any oral arguments.
     (Defs.' Opp'n. ["Opp'n"], filed Sep. 30, 2010, at 3 n.4). At the
     hearing, plaintiff noted that she was not an attorney and she
28   needed her husband to address the court. (Id.).

**STANDARD**

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within twenty-eight days of entry of judgement; otherwise, it is treated as a rule 60(b) motion for relief from a judgment or order.  American Ironworks & Erectors, Inc. v. North Am. Const. Corp., 248 F.3d 892 (9th Cir. 2001).

Absent "highly unusual circumstances," reconsideration of a final judgment under Rule 59(e) is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law.  School Dist. No. 1J, Multnomah County, 5 F.3d at 1263; Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001).  A district judge may provide relief from final judgment, under Rule 60(b), if the moving party can show: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an

earlier judgment that has been reversed or vacated; or applying
it prospectively is no longer equitable; or (6) any other reason
that justifies relief." <u>United Nat'l Ins. Co. v. Spectrum
Worldwide, Inc.</u>, 555 F.3d 772, 780 (9th Cir. 2009)(citing Fed. R.
Civ. Pro. 60(b)).

### ANALYSIS

    Defendants argue plaintiff's motion, whether brought under
Rule 59(e) or 60(b),[5] has no merit and must be denied. (Opp'n at
2). Specifically, defendants contend plaintiff's motion is
untimely under Rule 59(e), and that her contentions under Rule
60(b) are grounded only in "her disagreement with [the court's]
rulings, findings, and conclusions of law," which does not merit
relief from the court's judgment.[6] (Opp'n at 5-6).

    A Rule 60(b) motion is "not a vehicle to reargue a motion or
present evidence which should have been raised before." <u>U.S. v.
Westlands Water Dist.</u>, 134 F. Supp.2d 1111, 1131 (E.D. Cal.
2001)(quoting <u>Bermingham v. Sony Corp. of Am., Inc.</u>, 820 F. Supp.
834, 856 (D. N.J. 1992)). "A party seeking reconsideration must
show more than a disagreement with the Court's decision, and
recapitulation of the cases and arguments considered by the court

---

[5]    Defendants note that plaintiff did not provide any
procedural authority for the instant motion, and on that basis
alone the court could properly deny the motion. (Opp'n at 2).
Defendants nonetheless substantively respond to the motion,
citing the relevant provisions of law governing motions for
reconsideration after the entry of judgment. (<u>Id.</u>)

[6]    Because plaintiff filed her motion for reconsideration
29 days after the entry of judgment, and not within the 28 days
required under Rule 59(e), the court will only consider
plaintiff's motion under Rule 60(b). (<u>See</u> Fed. R. Civ. P. 6(b),
59(e); Advisory Committee Notes for 2009 Amendments to Rule
59(e)).

before rendering its original decision fails to carry the moving party's burden." Id. Ultimately, motions for reconsideration are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc.

Although the bases for plaintiff's motion are not readily apparent from her papers, the court construes plaintiff's motion as asserting two primary grounds for relief from final judgment.[7] First, plaintiff asserts she should be granted relief from judgment under Rule 60(b)(4) because she did not consent to the jurisdiction of a magistrate judge. However, under 28 U.S.C. § 636(b)(1)(B) a magistrate judge, such as Judge Hollows, may "conduct hearings, including evidentiary hearings, and submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)." The Eastern District of California directs all civil actions where the plaintiff or defendant is proceeding in propria persona to a magistrate judge, for dispositive and non-dispositive motions and matters. E.D. Cal. L.R. 302(c)(21). Judge Hollows thus had authority to hear this matter and submit proposed findings of fact and recommendations to the court; therefore, this court's dismissal of plaintiff's action, based on its adoption of Judge Hollows'

---

[7]     Defendants oppose plaintiff's motion under all subsections of Rule 60(b); however, the court finds plaintiff only clearly alleges grounds for relief under Rule 60(b)(2) and Rule 60(b)(4), in asserting this court should consider the additional documentation she submitted post-judgment and it erred in adopting the findings of fact and recommendation of the magistrate judge.

1  findings of fact and recommendation, is not void under Rule
2  60(b)(4).

3      As to plaintiff's second claimed basis for relief, plaintiff
4  argues the documents she submitted post-judgment are "newly
5  discovered evidence" under Rule 60(b)(2). (See Docket ## 70, 71,
6  74, 75, 76, 77)[8].  However, even if the court were to take
7  judicial notice of the documents submitted post-judgment,
8  plaintiff has not demonstrated that these documents are "newly
9  discovered evidence that, with reasonable diligence, could not
10 have been discovered in time to move for a new trial under Rule
11 59(e)." (See Fed. R. Civ. P. 60(b)(2)).  To the contrary, as
12 indicated by the dates, each document was in existence well
13 before the time required for plaintiff to make a Rule 59(e)
14 motion.  Therefore, because plaintiff has not demonstrated that
15 the documents are "newly discovered" as required by Rule
16 60(b)(2), she is not entitled to relief from final judgment on
17 this ground.

18     Because plaintiff has not demonstrated that there is "newly
19 discovered evidence" in her action or that the final judgment was
20 void, she is not entitled to relief under Rule 60(b)(2) or Rule
21 60(b)(4).  Therefore, plaintiff's motion for relief from final
22 judgment must be denied.

23
24
25
26
      [8]    The post-judgment submissions include a portion of a
27 Medical Board newsletter, a memorandum of points and authorities
   originally filed in San Joaquin County Superior Court, and
28 various communications between plaintiff and the California
   Medical Board or the Attorney General's Office.

**CONCLUSION**

For the foregoing reasons, plaintiff's Rule 60(b) motion for relief from final judgment (Docket ## 58, 59) is DENIED.[9]

IT IS SO ORDERED.

DATED: October 20, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[9]     To the extent plaintiff seeks to effectuate a motion to the court through her various post-judgment filings, referenced above (Docket ## 70-77), her motions/requests are denied as procedurally defective and/or substantively without merit for the reasons set forth herein.

8