UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

FARZANA SHEIKH, M.D.,

        Plaintiff,

   v.

MEDICAL BOARD OF CALIFORNIA,
and STATE OF CALIFORNIA,

        Defendants.

NO. CIV. S-10-213 FCD/GGH PS

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on plaintiff Farzana Skeikh's ("Skeikh" or "plaintiff") motion for relief from the court's final judgment[1] granting defendants Medical Board of California and the State of California's (collectively "defendants") motion to dismiss plaintiff's amended complaint.

---

[1] The document filed by plaintiff on September 21, 2010 is entitled "Plaintiff's Motion for Leave for Motion for Reconsideration; Plaintiff's Motion for Reconsideration on Premature Dismissal of: Plaintiff's Request For Declaratory Relief on Constitutionality of California B&P Section 2335 & Plaintiff's Petition for Review of Denial of Her Application for Physician's License." (Docket # 78). The court construes Docket #78 as a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b) and will hereinafter refer to it as such.

1

Defendants oppose plaintiff's motion. For the forgoing reasons, plaintiff's motion for relief from judgment is DENIED.[2]

## BACKGROUND

On January 27, 2010 a petition for "Writ of Review" was filed on behalf of plaintiff, by her non-attorney husband, against defendants. (Docket #2). On February 17, 2010 plaintiff filed an amended petition for review ("amended complaint"). (Docket #14). Defendants filed a motion to dismiss the amended complaint and a request for judicial notice on March 4, 2010. (Docket ## 18, 20). The original petition filed on behalf of plaintiff, which was construed as a complaint, was ultimately striken by Magistrate Judge Gregory G. Hollows on March 18, 2010.[3] (Docket #22). On March 28, 2010, plaintiff filed a request for reconsideration of Judge Hollows' March 18, 2010 order, claiming that she had not consented to the jurisdiction of the magistrate judge and that the court erred in disallowing her husband to represent her. (Docket #27). This court denied plaintiff's request on April 28, 2010. (Docket #39).

The hearing on defendants' motion to dismiss was held before Judge Hollows and submitted on June 10, 2010.[4] Plaintiff filed a

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[3] Judge Hollow denied as moot defendants' motion to strike, filed January 29, 2010, and defendants' request for an extension of time to respond to the complaint, filed February 12, 2010. Plaintiff's amended motion for e-filing access, filed on February 17, 2010, was conditionally granted.

[4] Defendants filed an amended motion to dismiss on April 29, 2010. (Docket #40). Plaintiff did not file an opposition to defendants' motion or to defendants' request for judicial notice. Additionally, at the hearing on June 10, 2010, plaintiff did not

letter addressed to Judge Hollows on June 21, 2010, wherein she asserted that Judge Hollows had no authority to rule on defendants' motion to dismiss and plaintiff again requested that her husband be allowed to represent her. (Docket #50). On July 14, 2010 Judge Hollows filed his order, recommending that defendants' request for judicial notice and amended motion to dismiss be granted, thereby dismissing plaintiff's action. (Docket #55). Plaintiff had fourteen days to file objections to Judge Hollows' findings and recommendations. (Docket #55). On July 28, 2010, plaintiff filed a document entitled "Revised Notice of Motion- Plaintiff's Motion to Dismiss Defendants' Motion for Dismissal of Plaintiff's Petition for Administrative Review." (Docket #57).

On August 23, 2010, after construing plaintiff's filing as objections, this court adopted Judge Hollows' findings and recommendations in full (the "final judgment"). (Docket # 58). Defendants' motion to dismiss was granted and the case was closed. (Docket ## 58, 59). Despite the case closing, plaintiff continued to file a number of documents with the court, including various purported requests for judicial notice and requests for admissions. (See Docket ## 70-77). Defendants filed a reply to plaintiff's various post-judgment submissions on September 21, 2010, which is also the day plaintiff filed her motion for relief from final judgment and her notice of appeal. (Docket ## 80-83).

---

respond to Judge Hallows' questions or make any oral arguments. (Defs.' Opp'n. ["Opp'n"], filed Sep. 30, 2010, at 3 n.4). At the hearing, plaintiff noted that she was not an attorney and she needed her husband to address the court. (Id.).

**STANDARD**

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within twenty-eight days of entry of judgement; otherwise, it is treated as a rule 60(b) motion for relief from a judgment or order. American Ironworks & Erectors, Inc. v. North Am. Const. Corp., 248 F.3d 892 (9th Cir. 2001).

Absent "highly unusual circumstances," reconsideration of a final judgment under Rule 59(e) is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law.  School Dist. No. 1J, Multnomah County, 5 F.3d at 1263; Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). A district judge may provide relief from final judgment, under Rule 60(b), if the moving party can show: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an

earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009)(citing Fed. R. Civ. Pro. 60(b)).

## ANALYSIS

Defendants argue plaintiff's motion, whether brought under Rule 59(e) or 60(b),[5] has no merit and must be denied. (Opp'n at 2). Specifically, defendants contend plaintiff's motion is untimely under Rule 59(e), and that her contentions under Rule 60(b) are grounded only in "her disagreement with [the court's] rulings, findings, and conclusions of law," which does not merit relief from the court's judgment.[6] (Opp'n at 5-6).

A Rule 60(b) motion is "not a vehicle to reargue a motion or present evidence which should have been raised before." U.S. v. Westlands Water Dist., 134 F. Supp.2d 1111, 1131 (E.D. Cal. 2001)(quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court

---

[5] Defendants note that plaintiff did not provide any procedural authority for the instant motion, and on that basis alone the court could properly deny the motion. (Opp'n at 2). Defendants nonetheless substantively respond to the motion, citing the relevant provisions of law governing motions for reconsideration after the entry of judgment. (Id.)

[6] Because plaintiff filed her motion for reconsideration 29 days after the entry of judgment, and not within the 28 days required under Rule 59(e), the court will only consider plaintiff's motion under Rule 60(b). (See Fed. R. Civ. P. 6(b), 59(e); Advisory Committee Notes for 2009 Amendments to Rule 59(e)).

5

before rendering its original decision fails to carry the moving party's burden." Id.  Ultimately, motions for reconsideration are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc.

Although the bases for plaintiff's motion are not readily apparent from her papers, the court construes plaintiff's motion as asserting two primary grounds for relief from final judgment.[7] First, plaintiff asserts she should be granted relief from judgment under Rule 60(b)(4) because she did not consent to the jurisdiction of a magistrate judge.  However, under 28 U.S.C. § 636(b)(1)(B) a magistrate judge, such as Judge Hollows, may "conduct hearings, including evidentiary hearings, and submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)."  The Eastern District of California directs all civil actions where the plaintiff or defendant is proceeding in propria persona to a magistrate judge, for dispositive and non-dispositive motions and matters.  E.D. Cal. L.R. 302(c)(21).  Judge Hollows thus had authority to hear this matter and submit proposed findings of fact and recommendations to the court; therefore, this court's dismissal of plaintiff's action, based on its adoption of Judge Hollows'

---

[7] Defendants oppose plaintiff's motion under all subsections of Rule 60(b); however, the court finds plaintiff only clearly alleges grounds for relief under Rule 60(b)(2) and Rule 60(b)(4), in asserting this court should consider the additional documentation she submitted post-judgment and it erred in adopting the findings of fact and recommendation of the magistrate judge.

6

1 findings of fact and recommendation, is not void under Rule
2 60(b)(4).
3    As to plaintiff's second claimed basis for relief, plaintiff
4 argues the documents she submitted post-judgment are "newly
5 discovered evidence" under Rule 60(b)(2). (See Docket ## 70, 71,
6 74, 75, 76, 77)[8].  However, even if the court were to take
7 judicial notice of the documents submitted post-judgment,
8 plaintiff has not demonstrated that these documents are "newly
9 discovered evidence that, with reasonable diligence, could not
10 have been discovered in time to move for a new trial under Rule
11 59(e)."  (See Fed. R. Civ. P. 60(b)(2)).  To the contrary, as
12 indicated by the dates, each document was in existence well
13 before the time required for plaintiff to make a Rule 59(e)
14 motion.  Therefore, because plaintiff has not demonstrated that
15 the documents are "newly discovered" as required by Rule
16 60(b)(2), she is not entitled to relief from final judgment on
17 this ground.
18    Because plaintiff has not demonstrated that there is "newly
19 discovered evidence" in her action or that the final judgment was
20 void, she is not entitled to relief under Rule 60(b)(2) or Rule
21 60(b)(4).  Therefore, plaintiff's motion for relief from final
22 judgment must be denied.

---

[8] The post-judgment submissions include a portion of a Medical Board newsletter, a memorandum of points and authorities originally filed in San Joaquin County Superior Court, and various communications between plaintiff and the California Medical Board or the Attorney General's Office.

7

**CONCLUSION**

For the foregoing reasons, plaintiff's Rule 60(b) motion for relief from final judgment (Docket ## 58, 59) is DENIED.[9]

IT IS SO ORDERED.

DATED: October 20, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[9] To the extent plaintiff seeks to effectuate a motion to the court through her various post-judgment filings, referenced above (Docket ## 70-77), her motions/requests are denied as procedurally defective and/or substantively without merit for the reasons set forth herein.